SAVOIE, Judge.
The State of Louisiana, on its behalf and on behalf of Merlin Brisset, appellant, appeal a decision of the Civil Service Commission. Appellant claims the Commission erred in two respects: (1) Refusing to enforce the provisions of L.S.A.-R.S. 42:1451[1] and declaring it unconstitutional and (2) Concluding that just cause existed for the February 1,1980, reprimand of Merlin Bris-set.
The Civil Service Commission’s decision is vacated to the extent that it declares L.S.A.-R.S. 42:1451 unconstitutional. The Commission lacks authority to determine the constitutionality of state statutes. Further, we conclude the attorney general has no authority to appeal the Commission’s decision with respect to Merlin Brisset’s reprimand. Accordingly, we dismiss that portion of the appeal.
The function of interpreting the constitution and laws of the state rests exclusively upon the courts. State, through the Department of Highways v. Constant, 359 So.2d 666 (La.App. 1st Cir.1978), amended and affirmed as amended, 369 So.2d 699 (La.1979); La. Constitution 1974, Art. V, *1042 Sec. 1. The judicial power in this state is vested in the Supreme Court, courts of appeal, district courts, and other courts authorized by Article V, Sec. 1 of the constitution. La. Const.1974, Art. V, Sec. 1. Further, the constitution provides that the powers of the government are divided into three separate branches: legislative, executive, and judicial; and, that no one of these branches, nor persons holding office therein, shall exercise power belonging to either of the others. La. Const. Art. II, Sec. 1 and 2, respectively. In addition, the constitution provides for the powers of the Civil Service Commission. La. Const. Art. X, Sec. 10 and 12. Nowhere in these articles is the Commission granted the power or authority to interpret the laws of this state. For these reasons, the Commission’s ruling declaring L.S.A.-R.S. 42:1451 unconstitutional is vacated.
Enactments of the legislature are presumed to be constitutional and valid until declared otherwise by a court of competent, jurisdiction. Gulf Oil Corporation v. State Mineral Board, 317 So.2d 576 (La.1975). Therefore, the Commission committed manifest error by refusing to apply the provisions of L.S.A.-R.S. 42:1451 and denying attorney’s fees to appellant Brisset.
Secondly, appellant argues the Commission erred in concluding that just cause existed for the February 1, 1980, reprimand of Merlin Brisset. Without reaching the merits of this assignment of error, we conclude that the attorney general has no right of action to raise this matter on appeal.
Louisiana Constitution Article IV, Section 8 provides that the attorney general has the authority to institute, prosecute or intervene in any civil action or proceeding, as necessary, for the assertion or protection of any right or interest of the state. Since no right or interest of the state is aggrieved by the Commission’s affirmance of Merlin Brisset’s reprimand, the attorney general is without authority to appeal Brisset’s reprimand.
L.S.A.-C.C.P. art. 927 allows the appellate court to notice on its own motion the peremptory exception of no right of action. It being so noticed, we dismiss that portion of the appeal.
For the foregoing reasons, the decision of the Civil Service Commission is vacated to the extent that it declares L.S.A.-R.S. 42:1451 unconstitutional. Further, we dismiss the appeal insofar as it concerns the reprimand of Merlin Brisset dated February 1, 1980. All costs for which it is liable are to be borne by appellee.
VACATED IN PART AND DISMISSED IN PART.

. L.S.A.-R.S. 42:1451:
“Action overruled; attorneys’ fees
“In any appeal under Article X Section 8 of the constitution by an employee in the classified state civil service to overturn any action by the department or agency employing him in which the decision to take the action is overruled and such decision is found to be unreasonable, the Civil Service Commission shall order the department or agency to pay reasonable attorneys’ fees incurred by the employee in appealing the action.”