436 So.2d 654 (1983)
In re Appeal of Merlin BRISSET (DHHR, Office of Charity Hospital of Louisiana at New Orleans).
No. 82 CA 0013.
Court of Appeal of Louisiana, First Circuit.
June 30, 1983.
Writ Denied November 11, 1983.
*655 Stephen J. Caire and Eavelyn T. Brooks, Asst. Attys. Gen., Dept. of Justice, New Orleans, for William J. Guste, Jr.
H.M. Westholz, Jr. and Philip H. Kennedy, Staff Attys., Dept. of Health & Human Resources, New Orleans, for D.H.H.R.
Archie C. Tatford, Jr., Atty. at Law, New Orleans, for Merlin Brisset.
Robert R. Boland, Jr., Civil Service Gen. Counsel, Dept. of State Civil Service, Baton Rouge, for George Hamner.
Before PONDER, SAVOIE and CRAIN, JJ.
SAVOIE, Judge.
Pursuant to remand by the Supreme Court, this case is before us for a second time. The issues presented are: (1) whether just cause existed for the February 1, 1980 reprimand of Merlin Brisset, and (2) the constitutionality of L.S.A.-R.S. 42:1451.
At the time of this suit, Merlin Brisset was employed as an Executive Housekeeper by the Department of Health and Human *656 Resources, Charity Hospital of Louisiana at New Orleans, and was serving with permanent status. By hospital telegram, dated February 1, 1980, Brisset was given a letter of warning and charged with insubordination or failure to obey direct orders. Brisset filed a notice of appeal denying all charges and requesting, among other things, that the letter of warning be removed from his personnel file. Thereafter, a hearing was held in which the commission concluded that just cause existed for the reprimand. In addition, the commission denied Brisset's request for attorney's fees under L.S.A.-R.S. 42:1451, declaring such statute unconstitutional.
The decision of the commission was appealed to this court, 424 So.2d 1040 (La.App. 1982), by the State of Louisiana, on its behalf and on behalf of Merlin Brisset. On appeal, we concluded that the attorney general was without authority to appeal Brisset's remand since no right or interest of the state was aggrieved thereby. Accordingly, we dismissed that portion of the appeal. In addition, we held that the commission had no power to determine the constitutionality of state statutes, and vacated its decision to that extent.
The Supreme Court, 430 So.2d 79 (1983), reversed and remanded to this court for a decision on Brisset's appeal[1] and the constitutionality of L.S.A.-R.S. 42:1451.[2]

I. BRISSET'S APPEAL
As a result of its hearing, the commission concluded that just cause existed for the February 1, 1980 reprimand charging Brisset with failing to obey directives concerning the scheduling of overtime work. This conclusion was based on the commission's determination that on three occasions, Brisset failed to submit overtime requests prior to the work being performed.
Article 10, Section 8(A) of the Louisiana Constitution of 1974 provides that no person who has gained permanent status in the classified state civil service shall be subject to disciplinary action except for cause expressed in writing. Further, it provides that on appeal the burden of proof is on the authority to fully support that the dismissal was for "cause." Ryder v. Department of Health and Human Resources, 400 So.2d 1123 (La.App. 1st Cir.1981). Legal cause for disciplinary action exists when the conduct complained of impairs the efficiency of the public service and bears a real and substantial relation to the efficient and orderly operation of the public service in which the employee is engaged. Dent v. Department of Corrections, Louisiana Correctional Institution for Women, 413 So.2d 920 (La.App. 1st Cir.1982); Newman v. Department of Fire, 413 So.2d 225 (La.App. 4th Cir.1982).
To determine whether legal cause existed for the reprimand, a review of the commission's findings of fact with respect thereto is appropriate. These findings of facts are entitled to great weight and will not be disturbed on appeal absent a showing of manifest error. Williams v. Department of Public Safety, Office of State Police, 415 So.2d 543 (La.App. 1st Cir.1982).
The commission presented the following factual conclusions:
"(1) The evidence established that the administration of Charity Hospital of Louisiana at New Orleans was attempting to implement a policy which would require that overtime requests be submitted in advance of the date on which the overtime was to be worked.
"(2) Much confusion existed concerning how far in advance requests for overtime *657 were to be submitted to each person in the chain of command.
"(3) By memorandum dated March 1, 1979, all department heads and coordinators [sic] were advised that overtime work would henceforth fall into two categories: emergency and scheduled. Emergency overtime was defined as that which is necessary for the operation of the hospital and which could not be scheduled in advance or postponed to a later date. Scheduled overtime was defined as that approved in advance for necessary tasks by Pat Morgan, Assistant Administrator, General Services. The memorandum stated `No scheduled overtime will be authorized unless approved before the time and date involved.' The memorandum does not indicate how far in advance the overtime requests were to be submitted.
"(4) By memorandum dated July 17, 1979, to appellant from Ronald Cline, appellant was advised that Mr. Cline was `requiring that a system be developed immediately which will allow for scheduling and approval of overtime for special requests at least one week in advance (and two weeks when possible) of when the work is to be performed.' This memorandum does not indicate who is to be responsible for developing the system, nor when it is to become effective.
"(5) Appellant was aware of these memoranda. Appellant contends that although he strove to submit such requests in advance, it was at times impossible for him to do so. Appellant asserts that the housekeeping department, being a service department, was bound to honor requests from other departments requiring such services as special cleaning. Appellant reported his difficulty in scheduling to his supervisor, Mr. Ronald Cline. Mr. Cline informed appellant that requests from other departments should be referred to Mr. Cline for handling.
"(6) Documentary evidence established that eight times between December 2, 1979 and January 29, 1980, appellant failed to request approval for overtime a week in advance. All but one of these requests were shown to have been approved by appellant's superiors, despite the fact that none were timely if judged by the seven day rule. On each form requesting overtime, the word `scheduled' was checked as indicating the type of overtime requested. Of these eight requests, only three were for work already performed or to be done that same day. The remaining five were submitted from two to five days ahead of the date the work was to be done.
"(7) Documentary evidence introduced by counsel for the appellant showed fifteen instances in July and December of 1979 and in January, 1980, when overtime requests submitted by employees other than appellant were similarly untimely. All but two of these requests indicated that they were for `scheduled' overtime. Testimony established that no disciplinary actions were taken against the persons submitting these reports."
We find no error on the part of the commission with respect to these findings of facts. However, we conclude these facts fail to establish a legal cause for disciplinary action.
Particularly to be noted is the fact that Brisset's supervisors approved his requests without comment. This tends to indicate that his superiors approved the procedure by which he submitted the overtime requests. Further, the progression of incidents clearly indicates that Brisset was attempting to give as much advance notice as possible under the circumstances. The fact that Brisset failed to submit overtime requests prior to the work being performed on only three occasions fails to constitute an impairment of the efficiency of the public service. Therefore, the reprimand of February 1, 1980 is to be stricken from Brisset's personnel file.

II. THE CONSTITUTIONALITY OF L.S.A.-R.S. 42:1451
In its opinion on the appeal of Merlin Brisset, the commission rejected Brisset's request for attorney fees under L.S.A.-R.S. *658 42:1451.[3] It opined that the statute was unconstitutional, as it attempted to usurp powers granted exclusively to the Civil Service Commission by the Louisiana Constitution.
At the outset, this court reaffirms its previous holding in this case with respect to the commission's lack of power to rule on the constitutionality of a state statute. See also La. Constitution 1974, Art. V, Sec. 1; and State, through the Department of Highways v. Constant, 359 So.2d 666 (La. App. 1st Cir.1978), as amended and affirmed as amended, 369 So.2d 699 (La.1979).
A general principle of judicial interpretation of a state constitution is that a state charter's provisions are limitations on the power of the people exercised through the state legislature. Therefore, the legislature may enact any legislation that the state constitution does not prohibit. Accordingly, to hold legislation invalid under the state constitution, it is necessary to rely upon some particular constitutional provision that limits the power of the legislature to enact the statute assailed. State Ex Rel. Guste v. Legislative Budget Committee, 347 So.2d 160 (La.1977).
Article X, Section 10(A) of the Louisiana Constitution vests the Civil Service Commission with broad and general rulemaking and subpoena power for the administration and regulation of the classified service. Included therein is the power: (1) to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; (2) to adopt a uniform pay and classification plan;[4] (3) to require an appointing authority to institute an employee training and safety program; and (4) generally, to accomplish the objectives and purposes of the merit system of civil service as herein established.
Recently, this court traced the historical background of this Section. Thoreson v. Department of State Civil Service, 433 So.2d 184 (La.App. 1st Cir.1983). In that case, we focused on the power of the Civil Service Commission, particularly with respect to the adoption of a uniform pay and classification plan.
In Thoreson, supra, we concluded that the commission has the exclusive power to establish a uniform pay and classification plan for all certified employees.[5] A fortiori, we now hold that the power vested in the commission under Art. X, Sec. 10(A) of the constitution is exclusive in nature with respect to all aspects to the classified service listed therein. This includes appeals from disciplinary action to the commission.[6] As such, L.S.A.-R.S. 42:1451 infringes on the *659 exclusive power granted to the commission by the Louisiana Constitution, Art. X, Sec. 10(A). Therefore, we hold this statute unconstitutional.
For the foregoing reasons, we hold the February 1, 1980 reprimand of Merlin Brisset to be without legal cause and order the letter of warning therein stricken from Brisset's employment record. Further, we hold L.S.A.-R.S. 42:1451 unconstitutional. There being no costs involved in this appeal, none are assessed.
REVERSED IN PART.
L.S.A.-R.S. 42:1451 is declared unconstitutional.
PONDER, J., concurs and assigns reasons.
CRAIN, Judge, concurring.
The Civil Service Commission is given the power to review disciplinary action against classified employees who have gained permanent status. La. Const. Art. 10, Sec. 8(A). The scope of its review is to determine whether the disciplinary action was for cause. La.R.S. 42:1451 sets an additional standard of review. It requires that attorney fees be granted to employees who succeed in overruling a disciplinary action that, in addition to not being for cause, is also unreasonable. Consequently, the commission is required to make a finding other than that specified by the Constitution. For this reason alone, La.R.S. 42:1451 is unconstitutional. It is not necessary for us to decide whether the Legislature could constitutionally provide for attorney fees under other circumstances.
I respectfully concur.
PONDER, Judge, concurring.
I concur in the result. I do express some doubt as to the propriety of the holding that the Civil Service Commission cannot declare an act on the subject of their procedure unconstitutional, especially without expressing the thought that they can refuse to follow an act they think to be unconstitutional. The remand was with the order that we pass on the merits of plaintiff's claim and on the constitutionality of the statute.
NOTES
[1] "Granted. Assuming (without deciding) that the Attorney General was without authority to represent Brisset on appeal, the appropriate sanction is not to dismiss Brisset's appeal. The judgment of the court of appeal here questioned is reversed and remanded and the court of appeal is ordered to decide the appeal of Brisset with an opinion."
[2] "Granted. The court of appeal reinstated R.S. 42:1451 without deciding its constitutionality. The judgment here questioned is reversed and the case is remanded to the court of appeal to decide the constitutionality of R.S. 42:1451 in an opinion."
[3] L.S.A.-R.S. 42:1451 provides:

"In any appeal under Article X Section 8 of the constitution by an employee in the classified state civil service to overturn any action by the department or agency employing him in which the decision to take the action is overruled and such decision is found to be unreasonable, the Civil Service Commission shall order the department or agency to pay reasonable attorneys' fees incurred by the employee in appealing the action."
[4] Article X, Section 10 of the Louisiana Constitution of 1974 further provides:

"... Nothing herein shall prevent the legislature from enacting laws supplementing these uniform pay plans for sworn, commissioned law enforcement officers of the Division of State Police, Department of Public Safety and regularly commissioned officers of the Enforcement Division of the Department of Wildlife and Fisheries."
[5] We note this exclusive power does not include commissioned law enforcement officers of the Division of State Police, Department of Public Safety or commissioned officers of the Enforcement Division of the Department of Wildlife and Fisheries. These two divisions were specifically exempted from the Commission's exclusive power in Art. X, Sec. 10 of the constitution. See footnote 2. Further, we note that under Civil Service Rules 6.2(b) the pay plan only becomes effective when approved by the Governor in its entirety.
[6] Appeals from disciplinary action to the Commission are regulated by rules established by the Commission. La. Const. of 1974, Art. X, Sec. 10(A); Chapter 13, Civil Service Rules; Shelton v. Southeastern Louisiana University, 431 So.2d 437 (La.App. 1st Cir.1983) concurring opinion.