525 So.2d 740 (1988)
Delmas Edward STRICKLAND, Jr., Rita J. Adams, Judy Davis, Richard A. Rodriguez, Larry W. Grow, Ruth Anne Crain, Nora L. Bennett, Tlitha P. Wagner, Larry V. Guillory and Eugenie F. Green, Diane B. Strickland, Jo Ellen Frindik, Peter J. Bentivegna, and Alden E. Howes
v.
STATE of Louisiana, Through the OFICE OF THE GOVERNOR, Brian E. Kendrick, Commissioner of Administration of the State of Louisiana, Mary Landrieu, Treasurer of the State of Louisiana, Joseph Burris, State Auditor, Louisiana State Employees' Retirement System A/K/A Laser & Company and/or the Board of Trustees of the Louisiana State Employees' Retirement System and/or Thomas Burbank, Director of State Employees' Retirement System of Louisiana.
Delmas Edward STRICKLAND, Jr.
v.
STATE of Louisiana, Through the OFICE OF THE GOVERNOR, et al.
Nos. CW 88 0521, CW 88 0628.
Court of Appeal of Louisiana, First Circuit.
May 17, 1988.
*741 Gordon E. Causey, Hammond, and Carey T. Jones, Denham Springs, for plaintiffs Delmas E. Strickland, Jr., et al.
George Kim Johnson and Winston Riddick, Baton Rouge, for defendantState of La., etc.
Before LOTTINGER, EDWARDS, WATKINS, CRAIN and LeBLANC, JJ.
LOTTINGER, Judge.
This is a suit seeking to enjoin various state officials from delaying the distribution of paychecks to employees in the classified civil service. Defendants filed various exceptions. From a judgment denying injunctive relief, plaintiffs applied for supervisory writs from this court (No.CW 88 0521). Because this matter involves the distribution of paychecks to thousands of state employees, this court granted a writ of certiorari rather than denying the writ application and requiring that the judgment denying injunctive relief be appealed.[1] The defendants have also applied for supervisory writs from the denial by the trial court of their exceptions (No.CW 88 0628). We have also granted this writ application and have consolidated same with this matter for hearing and disposition.

*742 FACTS
In their petition, plaintiffs allege that they are all employed by the State of Louisiana in "classified positions" within the meaning of the Rules of the Civil Service Commission; that the Uniform Classification and Pay Plan (Plan) was approved by the Governor and the 1987 Legislature appropriated funds necessary to pay classified employees in accordance with the Plan; that as "classified civil service employees" they are directly affected by an "unlawful" order of Brian E. Kendrick, Commissioner of Administration of the State of Louisiana, issued February 4, 1988, directing heads of all departments, agencies, boards and commissions to delay payment to eliminate one pay period in 1988 for individuals being paid under the Plan and further advising that certain changes would be made in the remittance to the Louisiana State Employees' Retirement System; that the effect of the Kendrick directive is to alter the Plan and to threaten the actuarial soundness of the Retirement System; that the order of the Commissioner of Administration is violative of those provisions of the Louisiana Constitution relating to the Civil Service System; and that the order further violates the due process clauses of the United States and Louisiana Constitutions by depriving plaintiffs of property and contractual rights without notice or opportunity to be heard. Plaintiffs prayed for a temporary restraining order as well as preliminary and permanent injunctions.
The defendants, Louisiana State Employees' Retirement System a/k/a Laser & Co. and/or the Board of Trustees of the Louisiana State Employees' Retirement System and/or Thomas D. Burbank, Jr., Director of State Employees' Retirement System of Louisiana, filed the peremptory exception raising the objection of no cause of action. These defendants argued that the allegations of fact in the petition and the annexed exhibits did not show on their face any past or proposed act, or any power to act, on the part of the exceptors with regard to the implementation or enforcement of the directive dated February 4, 1988, from the Commissioner of Administration.
The defendants, the State of Louisiana through the Office of the Governor, Brian E. Kendrick, Commissioner of Administration of the State of Louisiana, Mary L. Landrieu, Treasurer of the State of Louisiana, and Joseph Burris, State Auditor, filed various exceptions. These defendants contend: 1) that the court lacks jurisdiction to issue injunctive relief or a writ of mandamus because the granting of such relief will cause a deficit statewide affecting all agencies and departments and would result in disruption and cessation of state government as a whole; 2) that the court lacks subject matter jurisdiction over this matter because such jurisdiction rests exclusively with the State Civil Service Commission; 3) that plaintiffs are not entitled to injunctive relief in that plaintiffs cannot demonstrate irreparable harm; and 4) that plaintiffs have failed to state a cause of action because implementation of the directive of the Division of Administration will not change or vary the Plan and plaintiffs cannot claim injury or damages from lawful administrative actions taken by the state.

TRIAL COURT
Plaintiffs voluntarily dismissed Joseph Burris, State Auditor, from this suit.
The peremptory exception raising the objection of no cause of action filed by the Retirement System and its related defendants was sustained by the trial court, and plaintiffs were allowed fifteen (15) days within which to amend.
The exceptions filed by the other defendants were denied.
As to the declinatory exception raising the objection of lack of jurisdiction over the subject matter based on the anti-injunction statutes, i.e., La.R.S. 13:4062 and La.Code Civ.P. arts. 3601 and 3862, the trial court was of the opinion that the petition does not seek to force the expenditure of public funds, but rather it seeks to enjoin an alleged unlawful intrusion by the executive branch into the civil service system.
The defendants also filed the declinatory exception raising the objection of lack of subject matter jurisdiction based on the argument that exclusive jurisdiction rests *743 with the State Civil Service Commission. The trial court concluded that inasmuch as the Civil Service Commission had not adopted any rule relative to the date of disbursement of paychecks, exclusive jurisdiction does not rest with the Civil Service Commission.
Defendants also filed the dilatory exception raising the objection of unauthorized use of summary process by contending that plaintiffs could not demonstrate irreparable harm. The trial court held that a showing of irreparable harm was not necessary where plaintiff seeks an injunction because the other party is pursuing a course of action reprobated by law. Whalen v. Brinkman, 258 So.2d 145 (La.App.lst Cir. 1972).

EXCLUSIVE JURISDICTION
In Thoreson v. State Department of Civil Service, 396 So.2d 367 (La.App.lst Cir.1981), this court held the State Civil Service Commission had legislative, executive, and judicial authority. The judicial authority of the Commission is granted in La.Const. art. X, § 12, and is restricted to removal and disciplinary cases. The legislative and executive authority of the Commission is founded in La.Const. art. X, § 10. In reaching that decision, we stated, "[w]e are merely holding that it [Commission] does have the power and authority, to entertain appeals to exercise its executive and legislative functions. Whether it decides in its discretion to do so is another question we do not have before us at the present time." In Thoreson, the Commission had ruled that it did not have "jurisdiction." Since the facts presented in this case do not fall within the ambit of a removal or disciplinary case, we are presented with the issue of whether the Commission has exclusive jurisdiction under its legislative and executive authority.
In Barents v. Gerace, 357 So.2d 892 (La. App.lst Cir.1978), writ refused, 359 So.2d 1308 (La.1978), plaintiff, an employee of the Department of Employment Security, filed suit in district court against the Administrator of the Department, alleging that he was entitled to a promotion by virtue of the terms of a union contract. This court held that the Commission had exclusive jurisdiction and affirmed the denial of the declinatory exception raising the objection of lack of subject matter jurisdiction.
Again, in Foreman v. Falgout, 503 So.2d 517 (La.App.lst Cir.1986), when a state employee sued in district court his superior, individually and in his official capacity, along with other non-governmental individuals for interference with his employment, we held the Commission had exclusive jurisdiction. There we held that "the exclusive jurisdiction grant is to preclude district courts from having concurrent jurisdiction with the Civil Service Commission over classified civil service employer-employee disputes that are employment related." Foreman, at 519.
We are fully aware that La. Const, art. X, § 12, expressly grants "the exclusive power and authority to hear and decide all removal and disciplinary cases" to the Commission, whereas Art. X, § 10 does not expressly provide for exclusive authority. However, in granting "general rule-making" authority to the Commission "including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; to adopt a uniform pay and classification plan; ... and generally to accomplish the objectives and purposes of the merit system of civil service as herein established,"[2] and in providing that the "[r]ules adopted ... shall have the effect of law,"[3] article X of the constitution evidences an intention to grant exclusive jurisdiction to the Commission in those areas where the Commission has exercised its "broad and general rule-making" power. Unless that jurisdiction is exclusive, the orderly fashion of resolving employer-employee related disputes will be disrupted if the employee can forum shop between the Commission and the courts. Inasmuch as the Commission has adopted a
*744 Uniform Classification and Pay Plan and plaintiffs allege that this Plan has been violated by action of the Commissioner of Administration, we conclude that the Commission has the exclusive jurisdiction to hear this complaint in the first instance. Therefore, the declinatory exception raising the objection of lack of subject matter jurisdiction has merit.
Therefore, for the above and foregoing reasons the judgment of the trial court is reversed, and there is judgment dismissing plaintiffs-relators' suit at their costs.
REVERSED AND RENDERED.
NOTES
[1] An order or judgment relating to a preliminary or final injunction is appealable. La.Code Civ.P. art. 3612.
[2] La.Const. art. X, § 10(A)(1).
[3] La.Const. art. X, § 10(B).