546 So.2d 561 (1989)
In re Investigation of Janet SMITH.
No. CA 88 0596.
Court of Appeal of Louisiana, First Circuit.
June 20, 1989.
Writ Denied October 13, 1989.
Robert L. Kleinpeter, Kleinpeter and Kleinpeter, Baton Rouge, for appellant.
Robert R. Boland, Jr., Civ. Service Legal Counsel, Dept. of State Civ. Service, Baton Rouge, for appellee.
Before CARTER, LANIER and LeBLANC, JJ.
LeBLANC, Judge.
This appeal arises from an investigation by the Civil Service Commission of the conduct of two state civil service employees. Mr. Herbert L. Sumrall, the Director of the Department of State Civil Service, sent a letter to the Chairman of the Commission, dated July 8, 1987, alleging that Mr. Glenn A. Miller, who was serving in a position of Environmental Program Administrator with the Department of Environmental Quality (DEQ), did not meet the minimum qualifications for that position. Mr. Sumrall further alleged that Mr. Miller's application to the Department of State Civil Service for this promotion contained a false statement with respect to his employment record. Mr. Sumrall also claimed that Ms. Janet A. Smith, serving as Deputy Undersecretary of the DEQ as of the date of the letter, had previously served as Undersecretary of DEQ and that she had taken certain actions during her employment as Undersecretary which had enabled Mr. Miller to be promoted to the position of Environmental Program Administrator. More specifically, Mr. Sumrall accused Ms. Smith of certifying a false statement to DEQ Secretary, Ms. Pat Norton, regarding Mr. Miller's personnel record. Mr. Sumrall alleged that the actions of Mr. Miller and Ms. Smith violated Civil Service Rule 14.(j)[1] The letter further requested the Commission *562 to adopt a resolution calling a public hearing to explore the truth of the allegations presented in the letter. Subsequently, the Commission conducted a public investigation of Janet Smith and Glen Miller on October 6, 1987. Mr. Miller was found to have violated Civil Service Rule 14.1(j) by making false statements on his employment application. He was not removed from his position but was formally reprimanded and found ineligible for any promotion for a two year period. The Commission also determined that "... Smith, by omission, committed a fraud upon the DSCS [Department of State Civil Service] and" thus violated Rule 14.1(j). The Commission ordered that Ms. Smith's [Deputy Undersecretary] salary be reduced by four percent per month for a period of twelve months from the date of the Commission's decision and further declared her to be ineligible to receive any merit increases for a twelve month period.
Ms. Smith appealed the Commission's decision alleging that the Commission does not have jurisdiction to investigate her conduct during the period of time that she was employed in the unclassified position of Undersecretary of DEQ. Appellee, Mr. Sumrall in his capacity as Director of the DSCS, asserts that although Ms. Smith was serving in an unclassified civil service position at the time of the actions at issue, she was also at that time, occupying a position in the state classified service [Deputy Undersecretary of DEQ] in the status of leave without pay. Furthermore, he asserts that appellant had returned to the classified position prior to the time of the investigation of Ms. Smith's conduct. Appellee argues that Ms. Smith retained her classified status and the privileges of a classified career while she served as Undersecretary of DEQ and therefore, the Commission has the power to investigate the actions of Ms. Smith while she served as Undersecretary, even though that position was itself unclassified. Although the parties' briefs make allegations about Smith's personnel record, we must decide the issue of the Commission's power to investigate the actions of Smith based on the information about her employment history that is presented in the record. The record establishes that Smith was serving in the position of Deputy Undersecretary of DEQ at the time of the hearing in this matter and that she had previously served as Undersecretary for DEQ. The record also clearly establishes that the conduct of Smith that is at issue (the submission of information regarding Mr. Miller to a superior) took place in April of 1986, when she was serving as Undersecretary. The record further establishes that Smith has been a state employee since March of 1966. However, there is no information in the record to establish the position(s) held by Smith, whether classified or unclassified, prior to her employment as Undersecretary of DEQ.[2]
Applying the pertinent constitutional and statutory provisions to the facts of the case, we find that Smith was serving in an unclassified position [Undersecretary of DEQ] at the time of the conduct in question. At the time of the hearing, Smith was serving in a classified position [Deputy Undersecretary of DEQ]. See, La. Const. art. 10, § 2; La.R.S. 36:5.[3]
*563 Thus we must determine whether the Commission has the power to investigate and reduce the salary of a classified employee with respect to conduct that occurred while that employee was serving in an unclassified position. We refer to the pertinent text of the Louisiana Constitution since it is the source of the Commission's jurisdiction.
La. Const. Art. 10, § 10 provides, in pertinent part:
(A) Rules. (1) Powers. ... [The] commission is vested with broad and general rule-making and subpoena powers for the administration and regulation of the classified service,.... (emphasis added)

. . . . .
(B) Investigations. ... [The] commission may investigate violations of this Part and the rules, statutes, or ordinances adopted pursuant hereto.
An administrative agency has only the power and authority expressly granted by the constitution or statutes. In re Investigation of Lauricella, 546 So.2d 207 (La.App. 1st Cir.1989); Realty Mart, Inc. v. Louisiana Bd. of Tax Appeals, 336 So.2d 52, 54 (La.App. 1st Cir.1976). Constitutional provisions which delegate judicial authority to the Commission are narrowly construed since they are exceptions to the general rule that district courts have jurisdiction over all civil matters under La. Const. art. 5, § 16(A). Investigation of Lauricella, supra; Dept. of Labor, Office of Emp. Sec. v. Leonards, 498 So.2d 178 (La.App. 1st Cir.1986).
The provisions of La. Const. art. 10, § 10, vest the Commission with rule-making power for regulation of the classified service. This section of the constitution also grants to the commission the power to investigate an employee of the classified service that has violated a Civil Service rule. However, the constitution does not vest the Commission with rule-making or investigatory powers ers for regulation of the unclassified service.
Although appellant was serving in a classified position at the time that the Commission conducted its investigation, we find that the Commission did not have authority to investigate Smith's conduct that occurred while she served in an unclassified position. See, In re Coon, 141 So.2d 112 (La. App. 1st Cir.1962). Furthermore, Smith was not bound by the Civil Service rules during her service as Undersecretary. For these reasons, the Commission's order which directed Smith's classified [Deputy Undersecretary] salary to be reduced and declared her to be ineligible for merit increases for a twelve month period, is reversed. The costs of this appeal in the amount of $650.50 are to be paid by appellee.
REVERSED.
NOTES
[1] Civil Service Rule 14.1(i) provides:

No person shall make any false statemeent, certificate, mark, rating, form or reeport with rerard to any application, test, certifkication, personneel transaction, appointment or employment made undeeer any provision of the Article, the Rules, or a regulation of the Department of Civil Service, or in any manner commit or attempt to commit any fraud preventing the impartial execution of the Article, Rules and regulations.
[2] Appellant filed a motion to supplement the appellate record with her personnel record. This motion was referred to the merits.

Under La.Code of Civ.P. art. 2132, a record can be supplemented after it has been transmitted to the appellate court by stipulation of the parties, by the trial court or by order of the appellate court only if the evidence was actually introduced into the record. Jackson v. Wal Mart Properties, Inc., 443 So.2d 3 (La.App. 3d Cir.1983). In the present case, the transcript of the hearing before the Commission establishes that the personnel record was not introduced into evidence. Therefore, we must deny appellant's motion to supplement the record.
[3] La. Const. art. 10, § 2, in pertinent part provides:

(A) Classified Service. The state and city civil service is divided into the unclassified and the classified service. Persons not included in the unclassified service are in the classified service.
(B) Unclassified Service. The unclassified service shall include the following officers and employees in the state and city civil service:
. . . . .
(2) the heads of each principal executive department appointed by the governor, the mayor, or the governing authority of a city;
. . . . .
(7) one person holding a confidential position and one principal assistant or deputy to any officer, board, commission, or authority mentioned in (1), (2), (4), or (5) above, except civil service departments.
La.R.S. 36.5 states:
The secreeatary, deputy secreetary, undersecretary, and assistant sercrreeataries of departments of thee ececutive branch of state government shall be in the unclasified service of the state.