613 So.2d 229 (1992)
Robin A. HAWKINS
v.
The STATE of Louisiana Through the DEPARTMENT OF HEALTH AND HOSPITALS, OFFICE OF PUBLIC HOSPITALS.
No. CA 91 2079.
Court of Appeal of Louisiana, First Circuit.
December 23, 1992.
As Modified on Rehearing March 4, 1993.
*230 Daniel Avant, Baton Rouge, for plaintiff-appellee Robin A. Hawkins.
Philip Kennedy, New Orleans, for defendant-appellant State of La., et al.
Before EDWARDS, SHORTESS and WHIPPLE, JJ.
WHIPPLE, Judge.
The sole issue in this appeal is whether the trial court had subject matter jurisdiction to render a money judgment in favor of plaintiff, a former, temporary employee in the classified State Civil Service, pursuant to LSA-R.S. 23:631 et seq. Because plaintiff's cause of action for unpaid wages, penalty wages and attorney's fees did not arise until after her discharge, we find that it is not an employment related matter subject to the exclusive authority of the State Civil Service Commission. Therefore, we affirm the trial court's judgment.

FACTS
Plaintiff, Robin A. Hawkins, was employed by the defendant, the Department of Health and Hospitals, Office of Public Health, on restricted appointment (temporary assignment) to the position of Clerk III, in the classified State Civil Service.[1] Although the restricted appointment ended on Thursday, February 8, 1990, the defendant failed to inform plaintiff that her term of employment had ended until Sunday, February 11, 1990; and plaintiff was inadvertently allowed to work eight hours on Friday, February 9, 1990.
It is apparent from the record that the defendant intended to employ plaintiff in the same position on a permanent basis (original appointment) when her restricted appointment ended. Plaintiff achieved a high score on her Civil Service examination, and her superiors expected her to be at the top of the list of persons certified as being eligible for original appointment to the position of Clerk III at the Office of Public Health. However, when the certificate listing the names and examination scores of persons eligible for the position was released on February 9, 1990, it did not include plaintiff's name. Consequently, the defendant was unable to offer plaintiff an original appointment.[2]
Upon learning of her discharge on February 11, 1990, plaintiff requested the timely payment of all wages due, including the wages she earned on February 9, 1990. She was owed for 36 hours of work at the *231 rate of $6.9642 per hour.[3] However, the gross amount of plaintiff's final paycheck was $222.27, representing payment for only 32 hours. Plaintiff's immediate superiors erroneously believed that plaintiff could not be paid beyond the date her restricted appointment ended, although through some maneuvering they were able to credit her for four of the eight hours due for February 9, 1990.[4]
Plaintiff filed the instant suit to recover the unpaid wages for the remaining four hours, stipulated as being $27.80, in addition to penalty wages and attorney's fees, as provided for in LSA-R.S. 23:631 and 632. In response, the defendant filed a declinatory exception of lack of jurisdiction over the subject matter, contending that the subject matter of this suit lies within the exclusive jurisdiction of the State Civil Service Commission, pursuant to Article X of the Louisiana Constitution.
The trial court denied the exception and the matter proceeded to trial. Following a trial on the merits, the trial court rendered judgment in favor of plaintiff in the principal amount of $27.80, plus ninety days penalty wages at the rate of $55.60 per day, or $5,004.00, plus legal interest. The court additionally awarded plaintiff attorney's fees in the amount of $1,600.00.
The defendant timely perfected this suspensive appeal.

DISCUSSION
In its sole assignment of error, appellant contends the trial court erred in failing to recognize and observe the exclusive grant of jurisdiction to the State Civil Service Commission over the subject matter of this lawsuit, as provided in La. Const. art. X. The substance of appellant's argument is that the subject matter of plaintiff's suit lies within the exclusive jurisdiction of the Commission because it is related to employment in the classified service and concerns a matter in which the Commission has exercised its broad and general rulemaking authority, as provided in La. Const. art. X, § 10(A); therefore, LSA-R.S. 23:631 et seq. does not apply to the present case.
At the outset, we note that appellant does not challenge the trial court's factual findings or its conclusion that appellee is entitled to recover penalty wages and attorney's fees. Instead, the appeal is limited to the assertion that the trial court lacks subject matter jurisdiction and that the remedy provided in LSA-R.S. 23:631 et seq. is not available to former, classified employees in the State Civil Service.
In support of its argument that the exclusive jurisdiction of the subject matter of the present suit lies with the State Civil Service Commission, appellant cites In re Brisset, 436 So.2d 654 (La.App. 1st Cir.), writ denied, 441 So.2d 749 (La.1983), wherein this court stated in dictum that "the power vested in the commission under Art. X, Sec. 10(A) of the constitution is exclusive in nature with respect to all aspects to [sic] the classified service listed therein". 436 So.2d at 658.
In Brisset, the supreme court remanded the case to this court for a determination on the merits and additionally for a determination of whether LSA-R.S. 42:1451 was unconstitutional.[5] This court determined that LSA-R.S. 42:1451 was unconstitutional because it infringed on the exclusive power granted to the Commission by La. Const. art. X, § 10(A) inasmuch as it conflicted with Civil Service Rule 13.35, which sets a maximum award for attorney's fees and does not require a determination of the reasonableness of the action taken by the appointing authority. See Brisset, 436 So.2d at 659 (Crain, J., concurring). See *232 also Department of Health and Human Resources v. Toups, 451 So.2d 1126 (La. App. 1st Cir.), on rehearing, writ denied, 457 So.2d 12 (La.1984).
Appellant maintains that the application of LSA-R.S. 23:631 et seq. in the present case conflicts with the exclusive authority of the Commission to regulate an employment related aspect of Civil Service employment which is listed in La. Const. art X, § 10(A) and which is controlled by Civil Service Rule 15.2.1. Appellant contends that Rule 15.2.1 precludes district courts of this State from exercising subject matter jurisdiction in cases where a former employee of the classified service pursues a cause of action under LSA-R.S. 23:631 et seq.
La. Const. art. X grants legislative, executive and judicial powers to the State Civil Service Commission. Section 10(A)(1) provides for the Commission's executive and legislative powers:
Powers. Each commission is vested with broad and general rulemaking and subpoena powers for the administration and regulation of the classified service, including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; to adopt a uniform pay and classification plan; to require an appointing authority to institute an employee training and safety program; and generally to accomplish the objectives and purposes of the merit system of civil service as herein established....
The Commission's judicial power is expressly limited to removal and disciplinary cases. Section 12(A) provides that the Commission "shall have the exclusive power and authority to hear and decide all removal and disciplinary cases...".
Civil Service Rule 15.2.1 provides:
Payroll Periods and Timely Issuance of Paychecks Due to Classified Employees.
(a) An appointing authority, the Commissioner of Administration on behalf of the Uniform Payroll System, or the head of any other payroll system responsible for issuing paychecks to classified employees, shall establish weekly, biweekly, semi-monthly, or monthly payroll periods. Use of any other pay cycles must be approved by the Director.
(b) Paychecks due to classified employees shall be issued no later than seven calendar days following the end of the applicable payroll period unless approval is obtained from the Director under conditions established by him.
In support of its argument that Rule 15.2.1 precludes the involvement of the trial court in the present case, appellant cites the case of Strickland v. Office of the Governor, 525 So.2d 740 (La.App. 1st Cir.), writ granted, 526 So.2d 1122 (La.), appeal dismissed, 534 So.2d 956 (La.1988). In Strickland, thirteen classified Civil Service employees sued to enjoin various state officials and state governmental entities from implementing a directive increasing the length of pay periods, an action aimed at averting a cash flow crisis in the state's budget by delaying the disbursement of paychecks. 534 So.2d at 956. The defendants filed various exceptions, including an exception of lack of subject matter jurisdiction. 525 So.2d at 742.
The trial court concluded that inasmuch as the Civil Service Commission had not adopted any rule relative to the date of disbursement of paychecks, exclusive jurisdiction did not rest with the Civil Service Commission. 525 So.2d at 743. However, the trial court also denied the requested injunctive relief, and both sides applied for supervisory writs. 525 So.2d at 741. A five-judge panel of this court reversed the trial court's decision overruling the exception of lack of subject matter jurisdiction and held that the State Civil Service Commission had exclusive jurisdiction under La. Const. art. X, § 10(A) to hear complaints related to delays in the distribution of paychecks. Strickland, 525 So.2d at 744; see 534 So.2d at 957.
*233 Thereafter, the supreme court granted writs to determine whether La. Const. art. X, § 10(A) granted to the State Civil Service Commission exclusive jurisdiction of that matter or whether, as the employees contended, the Commission was powerless to hear challenges involving the constitutional limits of its authority. 526 So.2d at 1122; see 534 So.2d at 957.
However, the Commission's enactment of Civil Service Rule 15.2.1 rendered moot the employees' challenge to the implementation of the directive in Strickland, and the question of whether the Commission had subject matter jurisdiction over disputes concerning payroll distribution for classified employees in the absence of a specific Commission rule had ceased to be a justiciable controversy. Thus, the supreme court dismissed the appeal as moot. 534 So.2d at 958.
In our opinion in Strickland, this court recognized that subtle linguistic differences exist between La. Const. art. X, § 10(A) (executive and legislative power of the Commission) and § 12 (judicial power of the Commission). 525 So.2d at 743. In referring to judicial power, La. Const. art. X, § 12 grants to the Commission "the exclusive power and authority to hear and decide all removal and disciplinary cases"; whereas in referring to executive and legislative power, La. Const. art. X, § 10(A) grants to the Commission "broad and general rulemaking and subpoena powers for the administration and regulation of the classified service". Nevertheless, this court stated in Strickland that "article X of the constitution evidences an intention to grant exclusive jurisdiction to the Commission in those areas where the Commission has exercised its `broad and general rule-making' power". 525 So.2d at 743.
Based upon this language from the Strickland opinion, appellant argues that the trial court's judgment in the present case interferes with the Commission's exclusive authority, under La. Const. art. X, § 10(A), to regulate "employment, ... compensation and disbursements to employees, and other personnel matters; [and] to adopt a uniform pay and classification plan...". Appellant asserts that the subject matter of plaintiff's suit is an employment related matter involving compensation and is therefore an integral part of the Uniform Classification and Pay Plan sufficient to invoke the exclusive jurisdiction provided by La. Const. art. X.
Lastly, appellant cites Jackson v. State, 521 So.2d 436 (La.App. 4th Cir.1988), and Smith v. Department of Health and Human Resources, 416 So.2d 94 (La.1982) in support of its position that LSA-R.S. 23:631 et seq. should not apply in the present case.
In Jackson, a classified State Civil Service employee filed suit in district court under LSA-R.S. 23:1006, which authorizes an action against an employer for damages resulting from discrimination. The court of appeal affirmed the judgment of the trial court sustaining an exception of lack of subject matter jurisdiction because La. Const. art. X, § 8(B) and § 12 expressly granted the Commission exclusive jurisdiction over such claims. 521 So.2d at 437.
In Smith, the supreme court held, inter alia, that the rehearing provision of the Administrative Procedure Act is not applicable to decisions of the Commission because it would nullify Civil Service Rule 13.33(b), which prohibits rehearing of a final decision by the Commission. 416 So.2d at 96.
Appellee insists that the present suit is not a matter involving the administration or regulation of the classified service but is instead a suit for a money judgment for unpaid wages, penalty wages and attorney's fees which is specifically authorized by statute. She maintains that the money judgment awarded by the trial court does not affect any aspect of the Uniform Classification and Pay Plan and that the State Civil Service Commission lacks subject matter jurisdiction to adjudicate such claims. We agree.
In Stafford v. City of Baton Rouge, 403 So.2d 733 (La.1981), the supreme court held that LSA-R.S. 23:631 et seq. applies equally to both private and governmental employers. We note that the cause of action provided by these statutes does not arise *234 until after the resignation or discharge of the employee. Therefore, it cannot be related to "the administration and regulation of the classified service". La. Const. art X, § 10(A).
Thus, we conclude that the subject matter of a suit under LSA-R.S. 23:631 et seq. does not encroach upon the exclusive power and authority granted to the State Civil Service Commission by La. Const. art. X, § 10(A). For this reason, the cases cited by appellant are distinguishable. Further, we find that Civil Service Rule 15.2.1 does not address the subject matter of this suit. Rule 15.2.1 deals with pay periods and the disbursement of paychecks to current, not former, employees in the classified service.
As appellee correctly notes, this is a suit for a money judgment, and the Commission has no authority to adjudicate such a dispute. Constitutional provisions which delegate judicial authority to the Commission are narrowly construed since they are exceptions to the general rule that district courts have jurisdiction over all civil matters under La. Const. art. V, § 16(A). In re Investigation of Smith, 546 So.2d 561 (La.App. 1st Cir.), writ denied, 550 So.2d 636 (La.1989).
An administrative agency has only the power and authority expressly granted by the constitution or statutes, although some power and authority may be implied as necessary or appropriate in order to effectuate the express powers granted. Realty Mart, Inc. v. Louisiana Board of Tax Appeals, 336 So.2d 52 (La.App. 1st Cir.1976). However, the Commission is clearly without authority to render a money judgment and to enforce the payment thereof. See Bennett v. Louisiana Wild Life and Fisheries Commission, 234 La. 678, 101 So.2d 199 (1958). Therefore, appellant's sole assignment of error lacks merit.

DECREE
For the foregoing reasons, we hereby affirm the judgment of the trial court.
AFFIRMED.
EDWARDS, J., concurs and assigns reasons.
EDWARDS, Judge, concurring.
I concur with the result for the simple reason that this is a suit for a money judgment for unpaid wages, penalty wages and attorney's fees; it does not involve any rules of employment or any other aspect of classification or pay which is within the exclusive jurisdiction of the Commission.
NOTES
[1] The caption of this suit and the trial court's judgment erroneously refer to the defendant as the State of Louisiana, through the Department of Health and Hospitals, Office of Public Hospitals.
[2] The testimony of Lana S. Girouard indicates that plaintiff became ineligible when she rejected other positions in the classified service. Plaintiff was also ineligible for another restricted appointment. See Civil Service Rule 8.8.
[3] Although the record shows that plaintiff's rate of pay was $6.9642 per hour, the parties stipulated prior to trial that the rate was $6.95 per hour.
[4] Plaintiff's time and attendance records were altered to show that on Monday, February 5, 1990, she had worked a full day instead of a half day.
[5] LSA-R.S. 42:1451 provides for the payment of reasonable attorney's fees incurred by employees in appeals to the Commission under La. Const. art. X, § 8 if the action of the appointing authority is overruled and additionally found to have been unreasonable.