| iFOGG, Judge,
dissenting.
Fully understanding the benefits of the result reached by the majority, I respectfully dissent for the following reasons.
In support of the validity State Civil Service Commission Rules 1.14.1,13.10, and 14.1, the Civil Service Commission asserts, and the majority agrees, that Article X of the Constitution specifically confers broad and general rulemaking powers upon it to administer and regulate in the areas addressed by *681 the above rules. I reject this contention. As with any administrative agency, the Civil Service Commission has only the power and authority expressly granted by the Constitution or by statute. Hawkins v. State through the Dept. of Health and Hosp., 613 So.2d 229 (La.App. 1 Cir.1992); In re Investigation of Smith, 546 So.2d 561 (La.App. 1 Cir.), writ denied, 550 So.2d 636 (La.1989). The constitutional provisions which grant that power are narrowly construed because they are exceptions to the general rule that district courts have jurisdiction over all civil matters under Article V, § 16(A) of the Constitution. Hawkins, 613 So.2d at 234; Realty Mart, Inc. v. Louisiana Board of Tax Appeals, 336 So.2d 52 (La.App. 1 Cir.1976).
The judicial power of the Civil Service Commission to hear appeals of classified civil servants is limited. The. Constitution of 1974 authorizes the Civil Service Commission to address discrimination due to “political or religious beliefs, sex or race.” LSA-Const. Art. X, § 8(B). The above listed civil service rules purport to authorize appeals from additional ^categories of discrimination. It is well settled that, when a constitutional provision is plain and unambiguous, its language must be given effect. Where a statute is in conflict with the constitution, the statute must fall. City of Baton Rouge v. Short, 345 So.2d 37 (La.1977). It is also well settled that civil service rules which have the'foree of statutes, must fall when they purport to enlarge the Commission’s constitutional powers or otherwise conflict with the Constitution. Head v. Dept. of Highways, 166 So.2d 346 (La.App. 1 Cir.1964). The abové listed civil service rules purport to authorize appeals from additional categories of discrimination. Therefore, I believe they are unconstitutional.