856 So.2d 1220 (2003)
Dennis AKINS, Wendell Goins and Aliska Landry,
v.
HOUSING AUTHORITY OF NEW ORLEANS.
No. 2003-CA-1086.
Court of Appeal of Louisiana, Fourth Circuit.
September 10, 2003.
Floyd J. Falcon, Jr., Daniel L. Avant, Avant & Falcon, Baton Rouge, LA, for Plaintiffs/Appellants.
Michael A. Starks, Staff Attorney, Housing Authority Of New Orleans, New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge CHARLES R. JONES, Judge JAMES F. McKAY III, Judge DENNIS R. BAGNERIS Sr.).
JAMES F. McKAY III, Judge.
The claimants appeal the granting of an exception of subject matter jurisdiction in which their case was dismissed. For the reasons stated herein, we affirm.

STATEMENT OF FACTS AND PROCEDURAL HISTORY
Appellants, Dennis Akins, Wendell Goins, and Aliska Landry, are New Orleans Police officers who are employed by appellee, the Housing Authority of New Orleans. On April 19, 2002, appellants brought an action in the Civil District Court for the Parish of Orleans seeking *1221 payment of overtime wages. The petition alleged that appellee failed to pay appellants' overtime wages at the rate of one and one-half times the regular rate of pay as required by Civil Service Rule 6.19.
On January 15, 2003, appellee filed a declinatory exception of lack of subject matter jurisdiction. The exception asserted that because appellants' employment was classified under the Civil Service Commission, the Commission had exclusive jurisdiction to decide pay classification suits pursuant to La. Const. art. 10 sec.10 (A)(1). The trial court granted the exception on April 21, 2003, agreeing with appellee that the Civil Service Commission had exclusive jurisdiction over appellants' claims. This appeal followed.
Appellants present two issues for review by this court: first, that the trial court erred in determining that the Civil Service Commission had exclusive subject matter jurisdiction over their overtime wage claims; and second, that the trial court erred in dismissing appellants' claims that they were entitled to a money judgment.
Appellants submit that the trial court misconstrued the nature of their complaint. Specifically, appellants argue that this is not a "pay classification suit" as urged by appellee, rather, it is a suit for a money judgment. In that respect, appellants contend that the Civil Service Commission does not have jurisdiction over a claim seeking a money judgment for past due overtime wages. Hawkins v. State Through Department of Health and Hospitals, 613 So.2d 229 (La.App. 1 Cir.1992); Bennett v. Louisiana Wild Life and Fisheries Commission, 234 La. 678, 101 So.2d 199 (1958). Moreover, appellants submit that the Louisiana Supreme Court, in Louisiana Department of Agriculture and Forestry v. Sumrall, 98-1587 (La.3/02/99), 728 So.2d 1254, established that the Civil Service Commission has exclusive subject matter jurisdiction only over claims involving political, religious, sex or race discrimination or removal and disciplinary cases.
In defense of this appeal, appellee submits that the overtime wages sought by appellants are clearly within the parameters of La. Const. art. 10 sec. 10(A)(1), which vests the Civil Service Commission with exclusive jurisdiction over wages and salaries. Moreover, appellee argues that appellants' claim for a money judgment is being advanced to circumvent that exclusive jurisdiction.
It is well established in our jurisprudence that the Civil Service Commission has exclusive jurisdiction over classified civil service employer-employee disputes that are employment related. La. Const. art. 10 sec. 10(A)(1); Eberhardt v. Levasseur, 630 So.2d 844 (La. App. 4 Cir.1993). Article 10 provides as follows:
Section 10. (A) Rules (1) Powers.
[The state civil service] commission is vested with broad and general rulemaking and subpoena powers for the administration and regulation of the classified service, including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; to adopt a uniform pay and classification plan; to require an appointing authority to institute an employee training and safety program; and generally to accomplish the objectives and purposes of the merit system of civil service as herein established. It may make recommendations with respect to employee training and safety.
*1222 Our courts have interpreted article 10 of the Constitution as evidencing an intention to grant exclusive jurisdiction to the Civil Service Commission in those areas where the Commission has exercised its "broad and general rule-making" power. Hawkins. As stated by the First Circuit court in Strickland v. Office of the Governor, 525 So.2d 740, 743 (La.App. 1 Cir.1988), if that jurisdiction were not exclusive, the orderly fashion of resolving employer-employee related disputes would be disrupted if employees were allowed to forum shop between the Civil Service Commission and the courts. The general thrust of the exclusive jurisdiction grant is to preclude district courts from having concurrent jurisdiction with the Civil Service Commission over classified civil service employer-employee disputes that are essentially employment-related. Crockett v. State Through Department of Safety and Corrections, 97-2528 (La.App.1 Cir. 11/6/98), 721 So.2d 1081.
While appellants' position is correct that the Civil Service Commission has no subject matter jurisdiction to award monetary judgments (such as in a tort action), it is apparent from the petition that the relief sought herein is not simply a money judgment, but an accounting for past-due wages and a declaration as to future wages of these current civil service employees. We find Hawkins, as cited by appellants, to be distinguishable. In Hawkins, the plaintiff brought an action under La. R.S. 23:631 for wages allegedly due after her discharge as a civil service employee. The court held that the issue of plaintiff's pastdue wages did not fall within the exclusive jurisdiction of the Civil Service Commission because it was a money judgment that did not affect any aspect of the uniform classification and pay plan. In the instant case, we find by contrast that the allegations of appellants' petition clearly establish that this case is an employment related matter involving the calculation of pastdue and future overtime wages, sufficient to invoke the Civil Service Commission's exclusive jurisdiction. In particular, paragraph eight of the petition seeks "an accounting and payment of time and one-half for all hours worked in excess of forty per week during the three years prior to institution of suit and for a declaration that they are entitled to be paid overtime wages equal to one and one-half times their regular pay for all hours worked over forty per week in the future ..." We find that the Civil Service Commission has exclusive jurisdiction to administer and regulate such matters pursuant to La. Const. Art. 10 sec. 10(A)(1).
For the reasons stated herein, we affirm the judgment of the trial court granting the exception of lack of subject matter jurisdiction.
AFFIRMED.