CRAIN, J.
12Carey R. Holliday appeals the district court’s judgment sustaining an exception to lack of subject matter jurisdiction and dismissing his suit against the State of Louisiana, Office of Workers’ Compensation, through the Louisiana Workforce Commission (LWC). Finding the district court has jurisdiction to decide this matter, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
Holliday filed this suit for unpaid wages, alleging that on December 2, 2015, he separated from his employment with LWC as an unclassified district worker’s compensation judge. He claimed he was owed, but not paid, $5,868.34 in “premium pay,” paid to district judges for the performance of administrative duties. Holliday pled that LWC failed to respond to his demand for payment, leading him to file suit for the premium pay, penalties and attorney fees pursuant to the Louisiana Wage Payment Act.
In response, LWC filed an exception of lack of subject matter jurisdiction, arguing the Civil Service Commission did not authorize premium pay for the time period at issue for Holliday’s position, and the payments Holliday claimed were not due. LWC asserted that the approval of premium pay falls within the Louisiana State Civil Service Commission’s exclusive jurisdiction to regulate and administer the state’s classified service. LWC argued that the Louisiana Wage Payment Act could not be used to settle Holliday’s dispute with his employer over his entitlement to premium pay. Holliday countered that after leaving his employment, his only recourse was to file suit under the Louisiana Wage Payment Act, which is properly brought in district court.
The district court found this case to involve the interpretation of civil service rules and regulations as to whether Holli-day was owed premium pay, which jurisdiction is vested exclusively with the Commission. The district court found lathe jurisdictional question unaffected by the fact that Holliday was no longer employed with LWC. The district court sustained the exception of lack of subject matter jurisdiction and dismissed Holliday’s suit. Holliday now appeals.
DISCUSSION
The exception of lack of subject matter jurisdiction challenges the court’s legal power and authority to adjudicate the cause before it. See La. Code Civ. Pro. art. 2; Bon Amis Investments, LLC v. Lapeyrouse, 15-1459 (La. App. 1 Cir. 5/5/16), 195 So.3d 514, 517 n.2. The Louisiana Constitution vests the district courts with original jurisdiction over all civil matters, except as otherwise authorized by the constitution. La. Const, art. V, § 16(A)(1). Exceptions to the general rule that district courts have original jurisdiction in all civil matters are limited to their express terms. See Broussard Physical Therapy v. Family Dollar Stores, Inc., 08-1013 (La. 12/2/08), 5 So.3d 812, 818. At issue here is whether Holliday’s claims are within the jurisdiction vested by the constitution in the Commission or the district courts.
The Louisiana Constitution grants legislative, executive, and judicial powers to the Commission. See La. Const. art. X, § 10(A)(1); La. Const. art. X, § 12(A); *382 Hawkins v. State Through Department of Health and Hospitals, 613 So.2d 229, 232 (La. 1992). Section 10(A)(1)(a) defines the Commission’s executive and legislative powers:
Each commission is vested with broad and general rulemaking and subpoena powers for the administration and regulation of the classified service, including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, .employment conditions, compensation and disbursements to employees, and other personnel -matters and transactions; to adopt a uniform pay and classification plan; to require an appointing authority to institute an employee training and safety program; and generally to accomplish the objectives and purposes of the merit system of civil service as herein established....
USection 12(A) defines the Commission’s judicial power, which is expressly limited to removal and disciplinary cases. See Hawkins, 613 So.2d at 232. Jurisprudence considering the jurisdiction of the Commission has recognized that the Commission is not granted the authority of a court and is unable to render money judgments and enforce the payment thereof. See Hawkins, 613 So.2d at 234; Bennett v. Louisiana Wild Life and Fisheries Commission, 234 La. 678, 101 So.2d 199, 202 (1958).
LWC argues this is not a suit for a money judgment. LWC maintains that Holliday’s contention that he is owed premium pay requires review and analysis of Civil Service rules, which falls within the exclusive jurisdiction of the Commission. In support of its argument, LWC refers to Civil Service Rule 6.16, which allows the Commission to authorize premium pay, arguing it is the “exclusive right, duty and discretion” of the Commission, not the district court, to authorize such payments.
LWC is correct that authorizing premium pay for an employee falls within the Commission’s exclusive jurisdiction to regulate civil service employees’ compensation. See La. Const, art. X, § 10(A)(1)(a). However, Holliday does not.ask the district court to authorize premium pay. Rather, Holliday seeks a money judgment for wages (premium pay) he contends are owed as payment for the position he held. Notably, Holliday is no longer employed by LWC and seeks to recover the unpaid wages under the Louisiana Wage Payment Act. The Louisiana Supreme Court has held that the Wage Payment Act applies to both private and government employers. See Stafford v. City of Baton Rouge, 403 So.2d 733, 734 (La. 1981). Resolution of whether the claimed wages are, in fact, owed after a civil service employee separates from his employment does not encroach upon the constitutional power and authority granted to the Commission. See Hawkins, 613 So.2d at 234; see also Waller v. State, Dept. of Health & Hospitals, 11-643 (La. App. 3 Cir. 11/9/11), 79 So.3d 1085, 1089, writ denied, 11-2692 (La. 2/10/12), 80 So.3d 488 (finding no error in a prior writ action that rejected the argument that the exclusive jurisdiction over pay disputes is constitutionally vested in the Commission).
LWC’s reliance on Akins v. Housing Authority of New Orleans, 03-1086 (La. App. 4 Cir. 9/10/03), 856 So.2d. 1220, is misplaced. In Akins, current employees filed suit in district court to recover overtime wages, which they framed as a suit for a money judgment. The court determined that the petition did not seek only a money judgment, but also sought an accounting for past due wages and a declaration as to the employees’ future wages, both employment related matters within the Commission’s exclusive jurisdiction. Here, Holliday is no longer employed with LWC and seeks only a money judgment for amounts allegedly owed. Whether Hoi- *383 liday is entitled to recover is a matter that the district court has the legal power and authority to adjudicate.[1]
The district court erred in finding it lacked subject matter jurisdiction to resolve Holliday’s claims.
CONCLUSION
The judgment of the district court is reversed and this matter is remanded for further proceedings. Costs in the- amount of $564.50 are assessed to the- State of Louisiana, Office of Workers’ Compensation, through the Louisiana Workforce Commission. > ■
REVERSED AND REMANDED.

. LWC additionally urged an exception of prematurity based upon Holliday's failure to exhaust his administrative remedies With the . .Commission, • citing Civil Service . Rule 13.10(c),, which authorizes appeals by any state classified employee adversely affected by a violation of a Civil Service Rule (other than a rule in Chapter 10). The district court found that it lacked subject matter jurisdiction and did not reach the issue of prematurity. Holli-day's appeal is limitéd to the district court’s judgment on the exception of-lack-of subject matter jurisdiction; therefore, the arguments regarding the exception of prematurity are not considered herein.