Michael Catalaho, J.
This is an appeal from an order of the City Court of Buffalo, granted by Hon. Anh T. Mikoll, Associate Judge, on September 23, 1960, directing “that the Allstate Insurance Company produce on the trial date at 9:30 o’clock in the morning, in part 10 of the City Court of Buffalo, all statements made by defendant to said company. The trial court shall thereupon pass on the admissibility and competency of the statement after examining into the preliminary questions which must, of necessity, first be answered.”
This order was granted upon a motion by defendant to quash a subpoena duces tecum, dated May 27, 1960, and served upon Allstate Insurance Company May 28, 1960, directing the production at the trial 11 all statements in your possession, custody or control made by Mack J. Young and relating to an automobile accident in which said Mack J. Young was involved on August 14,1959.”
The history of the litigation starts with the service of a summons, dated August 26, 1959, upon defendant on September 4, 1959. By notice of retainer dated September 9, 1959, one Frank N. Cuomo, Esq., appeared as attorney for defendant. On September 10, 1959, plaintiff verified his complaint alleging a negligence automobile accident between the parties on August 14, 1959 resulting in damage to plaintiff’s automobile. By answer verified September 21, 1959, defendant denied the allegations of negligence, through said Cuomo, his attorney. An affidavit sworn to on March 16, 1960, by an associate of said Cuomo, one Edward H. Coughlin, Esq., stated that defendant was under the care of Dr. Antonio Bellanca, a physician, and defendant’s appearance in court would endanger his health. On May 16, 1960, defendant was served with a subpoena to appear at the trial. On June 1, 1960, said Dr. Bellanca swore to an affidavit stating that defendant’s health would be impaired by his appearance in court at that time. An affidavit of said Coughlin dated May 27, 1960, stated that he was a member of the law firm of ‘1 Fortunato, Diakun & Coughlin, attorneys for the defendant, Mack J. Young.” On June 27, 1960, a stipulation to restore this case to the head of the Trial Calendar was signed by “ Fortunato, Diakun & Coughlin by Edward H. Coughlin, Attorneys for defendant.” On August 19, 1960, by stipulation defendant’s present attorneys Gibbons, Pottle, O’Shea & Adamson, Esqs., were substituted as his attorneys.
*790 •By oral stipulation in open court, the present attorneys of the parties stated that the defendant’s statement in question was given to a representative of the Allstate Insurance Company within a few days of the accident, sometime in August, 1959.
The question poised is: May a written statement made by an insured defendant to his automobile liability insurance carrier shortly after a negligently caused automobile accident prior to the retention of legal counsel be subpoenaed by the plaintiff after this statement is in the possession of defendant’s attorneys of record for possible use at the trial as an admission against defendant and as an aid in the cross-examination of defendant?
The only confidential and privileged communications protected by statute in New York are those made to: “A clergyman, or other minister of any religion ” (Civ. Prac. Act, § 351); 1 ‘ A person duly authorized to practice physic or surgery, or dentistry, or a registered professional or licensed practical nurse ” (Civ. Prac. Act, § 352); “An attorney or counsellor at law” (Civ Prac. Act, § 353); “A husband or wife ” (Civ. Prac. Act, § 349).
The 1957 Report of the Temporary Commission of the Courts (Leg. Doc. 1957, No. 6 (b), p. 117 et seq.; see, also, Senate Bill, Jan. 6, 1960, No. 27, Int. 27) proposes, inter alia:
“Rules — Title 34. Disclosure.
“A. General provisions.
“ 34.1 Scope of disclosure.
“ (a) Full disclosure required. Except as otherwise specifically provided in these rules, there shall be full disclosure before trial of all relevant evidence and all information reasonably calculated to lead to relevant evidence.
“(b) Privileged matter. Privileged matter shall not be obtainable.
“ (c) Attorney’s work product; material prepared for litigation. The following shall not be obtainable unless the court finds that withholding it will result in injustice or undue hardship:
“ 1. the work product of an attorney; and
“2. any opinion of an expert prepared for litigation and any writing or thing created by or for a party or his agent in preparation for litigation.” (Emphasis supplied.)
At page 120 of the Tentative Draft of said 1957 report appears this note: “The advisory committee rejected as impractical
the possibility of distinguishing between attorneys regularly retained as investigators of accidents by public utilities and insurance companies and those assigned to particular matters after litigation has begun or been threatened. Presumably, even *791 the lawyer hired for routine investigations will shape his inquiry and report by what he considers to be relevant in view of some legal theory. For similar reasons, reports prepared by a layman primarily for use by attorneys in litigation are exempt. Whether an internal business report of an accident, for example, is designed for use in litigation or for use by management in disciplining employees, avoiding future accidents, or making required governmental reports may be a close question best left to the courts.” (Emphasis supplied.)
This report and these notes are not yet law, but they are the result of exhaustive, scholarly research and discussion among many distinguished legal experts, worthy of profound consideration by the court.
In addition to these statutory privileges, there is a common-law privilege pertaining to State secrets and communications made to certain public officials in the performance of their duties. (See Richardson, Evidence [8th ed.], § 468.)
Otherwise, no mere pledge of secrecy may suppress the truth in a court of justice. (8 Wigmore, Evidence [3d ed.], § 2286.)
Evidence consists of facts admitted at a trial to establish or disprove the truth of allegations put in issue by the pleadings (see Dibble v. Dimick, 143 N. Y. 549, 554) whereas rules of evidence determine what facts are admissible or not. Not all rules of evidence are statutory; many are based upon the principle of stare decisis, the precedent set in former adjudications.
Thus, this question is to be considered as one of first instance, since it does not fall squarely into any statute or precedent in this State.
In America today, the legal problems incident to motor vehicle accidents upon public highways are growing and changing with 65 million multi-ton vehicles racing daily over 2% million miles of speedways used by 175 million people. The increasing need for each privately owned motor vehicle to be covered with liability insurance before it may be registered has spread to 48 of our 50 States. (See Ward, New York’s Motor Vehicle Accident Indemnification Corp., 8 Buffalo L. Rev. 215.)
At the time of the accident in 1959, it was necessary that defendant be covered with a “motor vehicle liability policy” in form approved by the Superintendent of Insurance before his motor vehicle could be registered with the Commissioner of Motor Vehicles. (See Vehicle and Traffic Law, former art. 6-A, §§ 94-1-94-q [L. 1941, ch. 872, as amd.] and art. 6-A, §§ 93-93-k [L. 1956, ch. 655] then repealed as of Oct. 1, 3960 by L. 1959, ch. 775, but continued in Vehicle and Traffic Law, art. 6, §§ 310-321, and art. 7, §§ 341-345 [L. 1959, ch. 775, eff. Oct. 1, 1960].) *792 This court may presume that defendant’s automobile liability insurance policy issued to him by Allstate Insurance Company contained the usual “ co-operation clause ” found in millions of other policies issued throughout the United States by Allstate and other insurance companies. (See American Sur. Co. v. Diamond, 1 N Y 2d 594, 596, 600.) “ Co-operation ” means that there shall be a fair and frank disclosure of information reasonably demanded by the insurer to enable it to determine whether there is a genuine defense (Coleman v. New Amsterdam Cas. Co., 247 N. Y. 271, 276); the insurer is entitled to the insured’s assistance, including a truthful statement of the cause of the accident. (Seltzer v. Indemnity Ins. Co., 252 N. Y. 330, 335.) This condition of co-operation is of great importance (Schoenfeld v. New Jersey Fid. d Plate Glass Ins. Co., 203 App. Div. 796, 801); a failure to co-operate properly and promptly by the insured could result in a disclaimer of liability by the insurer and a complete defense for breach of such condition. (See Lumberman’s Mut. Cas. Co. v. Goldwasser, 7 A D 2d 849; United States Fid. & Guar. Co. v. von Bargen, 7 A D 2d 872, 873, affd. 7 N Y 2d 932.)
Here, defendant insured was under serious contractual duty to furnish this statement about the accident to Allstate Insurance Company, which in turn, was under similar duty to prepare defendant’s case for trial, obtain the services of legal counsel for defendant and pay any adverse judgment up to the policy limits.
Special Term has, by way of obiter dictum (Bookstein, J.), stated the rule: “It seems to this court that it would be contrary to sound public policy to permit the discovery and inspection of statements of a defendant or a prospective defendant made to his own insurance carrier, whether made before or after suit is instituted or to its lay representatives, either before or after an attorney has been formally selected by the carrier to represent its assured.” (Hollien v. Kaye, 194 Misc 821, 825.)
The First Department, in Per Curiam memoranda, has held: “We consider such a report of an investigation made after the claim for loss was presented, and for the purpose of aiding defendant in preparing its defense, to be a document which is not subject to inspection by plaintiff on an examination of defendant before trial. It would not be competent as evidence to support plaintiff’s claim, and may not be the subject of compulsory disclosure before trial.” (Naiman v. Niagara Fire Ins. Co., 283 App. Div. 1016.) “ Nor may they require the production of confidential records or documents reflecting plaintiff’s investigations after the issuance of the policies ” (Metropolitan Life Ins. Co. v. Goldberger, 1 A D 2d 823).
*793 The United States Supreme Court has stated, Mr. Justice Murphy speaking for the court: “ But the general policy against invading the privacy of an attorney’s course of preparation is so well recognized and so essential to an orderly working of our system of legal procedure that a burden rests on the one who would invade that privacy to establish adequate reasons to justify production through a subpoena or court order.” (Hickman v. Taylor, 329 U. S. 495, 512.) Also, Mr. Justice Jacksoh, concurring, said (p. 579): “ The question remains as to signed statements or those written by witnesses. Such statements are not evidence for the defendant. Palmer v. Hoffman, 318 U. S. 109. Nor should I think they ordinarily could be evidence for the plaintiff.”
Our Legislature has declared: “ The legislature is concerned over the rising toll of motor vehicle accidents and the suffering and loss thereby inflicted. The legislature determines that it is a matter of grave concern that motorists shall be financially able to respond in damages for their negligent acts, so that innocent victims of motor vehicle accidents may be recompensed for the injury and financial loss inflicted upon them.” (Emphasis supplied. Vehicle and Traffic Law, art. 6-A, § 93 [L. 1956, ch. 665, § 2]. See, also, Ward, The Uninsured Motorist: National and International Protection Presently Available and Comparative Problems in Substantial Similarity, 9 Buffalo L. Rev. 283 [1960].)
The legislative concern is over “ innocent victims ” who are injured by the “ negligent acts ” of motorists; this presupposes, in the case at bar, that these conclusions have been established by a judgment after trial of the issues or a default at the trial by the defendant. In which event, as between the insurer’s defense of lack of co-operation by its insured and the right of the innocent accident victim to protection, the latter is paramount. (See Lauritano v. American Fire Ins. Co., 3 A D 2d 564, 571, affd. 4 N Y 2d 1028.)
Here, the court has neither found that defendant was negligent, nor that plaintiff was an innocent victim, because there has not yet been a trial.
It has been accepted practice heretofore for time immemorial, to consider inviolate such work products as an accident statement by an insured to his insurer’s lay representative, for possible use at a trial by a lawyer to be selected by the carrier to defend the insured. Unless injustice or undue hardship is shown, this practice should be upheld by the courts.
Here, no injustice or undue hardship is shown. Defendant, himself, has been subpoenaed by plaintiff to appear at the trial, *794 Defendant’s written statement should not be subject to production upon the service of a subpoena duces tecum upon defendant’s insurance carrier.
The evils that are certain to result would outweigh any possible benefits to the orderly and proper functioning of courts of justice, if such a statement could be coerced out of the confidential file of defense counsel for use as an admission or to badger defendant on cross-examination.
The question should be, and is, answered in the negative. Order appealed from reversed on the law and facts.