336 So.2d 52 (1976)
REALTY MART, INC.
v.
LOUISIANA BOARD OF TAX APPEALS and Collector of Revenue.
No. 10819.
Court of Appeal of Louisiana, First Circuit.
June 30, 1976.
*53 Charles N. Malone, Baton Rouge, for Tax Appeals Bd.
Allen J. Bergeron, Jr., Baton Rouge, for Collector of Revenue.
Theodore L. Jones, Baton Rouge, for appellee.
Before ELLIS, BLANCHE and LOTTINGER, JJ.
BLANCHE, Judge.
Defendants-appellants, the Louisiana Board of Tax Appeals and the Collector of Revenue for the State of Louisiana, appeal a district court judgment which set aside the Board's order directing the plaintiff-appellee, Realty Mart, Inc., to answer certain interrogatories propounded to it by the Collector. We affirm.
On February 28, 1974, as a result of an audit of plaintiff's records, the Collector assessed plaintiff for additional occupational tax in the sum of $1,550 for the years 1971 through 1973, plus a penalty of $125 and interest. The plaintiff appealed said assessment to the Board.
The Collector answered the appeal and propounded six written interrogatories to the plaintiff. The plaintiff objected thereto on the grounds that the information sought in the interrogatories was, or should have been, contained in the audit report.
Whereupon, the Board, pursuant to a rule brought by the Collector, ordered the plaintiff to respond. Rather than answer, the plaintiff petitioned the district court for a review of the Board's decision, arguing that it was beyond the power of the Board to require an answer to said interrogatories. The trial judge agreed with plaintiff's position and reversed the Board's order.
Both the Collector and the Board have appealed the district court judgment. Only one issue is presented on appeal by both appellants, that is, whether or not the plaintiff herein may be required to answer written interrogatories propounded to him by the Collector in proceedings before the Louisiana Board of Tax Appeals. We find that the answer to the foregoing question is in the negative and, therefore, affirm the judgment of the trial court.
Chapter 17 of Title 47, Louisiana Revised Statutes, is statutory authority for creation of the Board of Tax Appeals. Therein, the powers of, and the rules governing, the Board are set forth. Section 1412 thereof reads as follows:
"The rules of evidence which the board shall adopt as those binding upon it shall be those rules of evidence followed in the district courts of Louisiana."
Without citing authorities, appellants argue that the phrase "the rules of evidence" contained in Section 1412 is synonymous with, or necessarily includes therein, the rules governing written interrogatories. Based upon that premise, appellants contend that the rules of the district court regarding written interrogatories also apply to the Board.
Accordingly, since the district courts of Louisiana have authority to order a party to answer written interrogatories, see "Production of Evidence," Title III, Book II, of the Louisiana Code of Civil Procedure, the appellants claim that the Board had similar authority to require the plaintiff herein to answer the interrogatories propounded to it by the Collector.
We think the appellants have incorrectly interpreted the meaning of the "rules of evidence" as used in the statute.
*54 "Evidence" is testimony and matter which has actually been presented at trial. Therefore, facts obtained through the use of discovery devices, such as the instant written interrogatories, are not of themselves evidence. They may, however, become evidence by introduction as such at the trial of the matter. Welch v. Robert Campbell, Inc., 316 So.2d 822 (La.App. 1st Cir. 1975).
The "rules of evidence" are rules which determine whether or not the trial testimony, factual matters and the information obtained through the use of the various discovery devices are admissible at the trial to prove or disprove the allegations of the petition. Schulgasser v. Young, 25 Misc.2d 788, 206 N.Y.2d 81 (S.Ct.N.Y.1960).
The rules of evidence and the rules governing the use of written interrogatories are, therefore, not identical but actually contemplate two entirely different trial functions. Thus, Section 1412's mandate that the Board adopt the rules of evidence of the district courts does not, without being more explicitly set out, mandate the Board to follow the district court procedure with regard to written interrogatories.
Next, appellants admit that the Board has no express statutory authority to compel the plaintiff to answer the instant interrogatories. However, they contend that by adopting the rules of evidence of the district court, Section 1412, in conjunction with the companion Section 1408,[1] adopts by implication the district court rules with regard to the use of written interrogatories. Again, appellants cite no authority to substantiate their contentions.
An administrative board or agency only has the power and authority expressly granted by the constitution or statutes. Nevertheless, some power and authority may be implied as necessary or appropriate in order to effectuate the express powers granted to, or imposed upon, such board or agency. 73 C.J.S. Public Administrative Bodies and Procedure, § 48-50.
However, while we accept as true the foregoing statement of law, the appellant Board has no express power which would give rise to the implied power sought herein.
Section 1412 does not require the use of written interrogatories to make effective its provisions. Nor does Section 1408, which grants to the Board specific authority to subpoena witnesses, take depositions, and require the production of books, papers and documents pertaining to the matters under inquiry, depend upon the use of written interrogatories to carry out those enumerated powers.
The answer to the issue presented herein lies in the fact that the appellant Board, being only an administrative agency of the State, could not on its own authority enlarge the powers delegated to it by the Legislature to include that sought herein. Kramer v. State Board of Veterinary Medical Examiners, 55 So.2d 93 (La.App.1st Cir. 1951). See, also, Charbonnet v. Board of Architectural Examiners, 205 La. 232, 17 So.2d 261 (1944).
An action taken by an administrative board, in order to be valid, must fall within its legislative grant of authority. Hunter v. Hussey, 90 So.2d 429 (La.App.1st *55 Cir. 1956), writ granted, January 21, 1957, but unreported.
Since the Board possessed neither express nor implied power to do so, its order directing the plaintiff to answer the interrogatories propounded to it by the Collector exceeded the authority delegated to the Board by the Legislature and was, therefore, without effect.
For the above and foregoing reasons, the judgment of the trial court which reversed the action of the Board is affirmed. Appellants must bear those costs as can be legally assessed against the State.
AFFIRMED.
NOTES
[1] LSA-R.S. 47:1408, in pertinent part, provides:

"For purposes of enforcing or administering this Chapter, any member of the board, or the secretary-clerk, shall have the power to administer oaths and take affidavits, and any member of the board shall have the power to subpoena and require the attendance of witnesses and the production of books, papers and documents pertaining to the matter under inquiry, at any designated place of hearing, and to examine such witnesses, and may require the taking of deposition before any person competent to administer oaths, either within or without the state, upon notice to the interested party in like manner that depositions of witnesses are taken in civil actions in the district courts of the state. Any party to a matter pending before the board may summon witnesses or require the production of papers in the same manner as witnesses are summoned, or papers required to be produced in civil actions in the district courts of the state."