VERNA L. PISKA, APPELLANT, V.
NEBRASKA DEPARTMENT OF SOCIAL SERVICES, APPELLEE.

567 N.W.2d 544

Filed June 6, 1997.   No. S-95-679.

Robert A. Ide, of Aten, Noble & Ide, for appellant.

Don Stenberg, Attorney General, and Royce N. Harper for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, and GERRARD, JJ., and ENSZ, D.J., and BLUE, D.J., Retired.

GERRARD, J.

On August 2, 1994, the then Nebraska Department of Social Services found that Verna L. Piska was indebted to the department in the amount of $3,000 for child support which she had received during a period of time in which her minor daughter Jo Lee was in foster care in the custody of the department. The district court affirmed the findings and order of the department. This appeal followed. Because we find that there was no showing that application was made for aid to dependent children payments as required by Neb. Rev. Stat. § 43-512.07 (Cum. Supp. 1992), we now affirm in part, and in part reverse, the judgment of the district court.

## FACTUAL BACKGROUND

On December 15, 1982, the district court entered an order dissolving the marriage of Piska and her husband, Joseph D. Piska. By agreement of the parties, Piska retained custody of Jo Lee and a second minor child and the husband retained custody of their third minor child. The husband was ordered to pay Piska $500 per month as child support and property settlement.

In May 1991, the department began making foster care payments on behalf of Jo Lee. The State filed a motion for support in the county court for Phelps County. On July 3, the county court, sitting as a juvenile court, ordered Piska to pay $100 per month toward the support of Jo Lee, with the first payment to be due on August 1. On November 18, 1992, the county court found that Jo Lee was no longer a ward of the department and ordered support suspended as of November 1, 1992. Piska has satisfied this obligation.

The department made foster care payments on behalf of Jo Lee of approximately $18,311.89, including payments made in August, October, and December 1991 and in January through November 1992. The department's records show that Piska received $500 child support payments in the months of August, September, and November 1991 and in January through May 1992. The department intercepted the $500 monthly child support payments from Phelps County from June through November 1992. The department credited back to Piska the $500 payment that was erroneously intercepted in November

1992 when Jo Lee was no longer in the custody of the department. The department claims that Piska is obligated to pay to the department the amount of child support she received during the period that Jo Lee was in foster care.

On March 29, 1994, the department notified Piska that she owed the department $3,500 in child support. Piska appealed this determination, and a hearing was held before a department hearing officer on June 21. Piska claimed that she had never applied for aid to dependent children or any other support and had never made an assignment of her child support benefits to the department. She asserted that to her knowledge there had not been a hearing regarding modification of support, modification of the payee of the support, assignment of her support rights, or any other kind of intervention.

In its August 2, 1994, findings and order, the department found that there had been an assignment by operation of law of the child support payments pursuant to § 43-512.07. Because the department found that the revised statute did not go into effect until September 1991, it found that Piska did not owe the $500 paid to her in August 1991. Accordingly, the department found that Piska was obligated to pay the sum of $3,000 to the department. The department also found that Piska had not timely raised the issue of the assignment of payments which were intercepted from June through November 1992.

Piska appealed the decision of the department to the district court. The district court affirmed the findings and order of the department, and this appeal followed. We removed the matter to this court under our authority to regulate the dockets of the Nebraska Court of Appeals and this court.

## STANDARD OF REVIEW

A final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *Kolesnick v. Omaha Pub. Sch. Dist.*, 251 Neb. 575, 558 N.W.2d 807 (1997). When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is

neither arbitrary, capricious, nor unreasonable. *Rainbolt v. State*, 250 Neb. 567, 550 N.W.2d 341 (1996).

Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. *County of Seward v. Andelt*, 251 Neb. 713, 559 N.W.2d 465 (1997).

## ASSIGNMENTS OF ERROR

Summarized and restated, Piska assigns that the district court erred in (1) finding that the record contained sufficient facts to support the finding of the department that a valid assignment was made, (2) affirming the decision of the department that she is not claiming the $3,000 intercepted by the department, (3) failing to find that the department's actions deprived her of property without due process, and (4) failing to find that the department was collaterally estopped from pursuing the collection of further funds.

## ANALYSIS

It was the department's position in district court that § 43-512.07 provides for the assignment by operation of law of Piska's child support payments to the department for the period that Jo Lee was in foster care. The version of § 43-512.07 that was in place at the time of the events in the instant case provided, in relevant part, as follows:

(1) The application for and acceptance of an aid to dependent children payment by a parent, another relative, or a custodian shall constitute an assignment by operation of law to the Department of Social Services of any right to spousal or medical support when ordered by the court and to child support whether or not ordered by the court which the recipient may have in his or her own behalf or on behalf of any other person for whom the applicant receives such assistance, including any accrued arrearages as of the time of the assignment. The department shall be entitled to retain such support up to the amount of aid to dependent children paid to the recipient. For purposes of this section, the right to receive current and past-due child support shall

belong to the child and the assignment shall be effective as to any such support even if the payee of aid to dependent children is not the same as the payee of court-ordered support.

## SUFFICIENCY OF EVIDENCE

Piska first contends that the evidence was insufficient to support the decision of the department that a valid assignment was made. She asserts that there is insufficient evidence in the record to demonstrate that the department made "aid to dependent children payments" on behalf of Jo Lee. Section 43-512.07 refers to "application for and acceptance of an *aid to dependent children payment*" as triggering an assignment by operation of law. (Emphasis supplied.) Piska maintains that because there is no showing that aid to dependent children payments were made on Jo Lee's behalf, no assignment arose. We agree.

The department correctly notes that while the phrase "aid to dependent children payments" is not defined, Neb. Rev. Stat. § 43-504(1) (Reissue 1988) defines "dependent children" to include some foster children. Under § 43-504(1), a "dependent child" includes

a child under the age of eighteen years . . . who has been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent, or partial or total unemployment of the supporting parent, and who is living with his or her father, mother, grandfather, grandmother, brother, sister, stepfather, stepmother, stepbrother, stepsister, uncle, aunt, first cousin, nephew, or niece, in a place of residence maintained by one or more of such relatives as his, her, or their own home, *or who has been removed from the home of such relative as a result of judicial determination to the effect that continuation therein would be contrary to the welfare of such child with placement of such child in a foster family home* or child care institution as a result of such determination when the state, any court having jurisdiction of such child, or the county welfare agency is responsible for the care and placement of such child *and one of the following conditions exists: (a) Such child received aid*

*from the state in or for the month in which court proceedings leading to such determination were initiated; (b) such child would have received assistance in or for such month if application had been made therefor; or (c) such child had been living with such a relative specified above at any time within six months prior to the month in which such proceedings were initiated and would have received such aid in or for the month that such proceedings were initiated if in such month the child had been living with, and removed from the home of, such a relative and application had been made therefor.*

(Emphasis supplied.) This definition of "dependent children" is broader than that provided by federal statute, see 42 U.S.C. § 606(a) (1994), in that it includes children who have been removed from the home and are not living with one of the specified relatives. However, the issue we must decide is whether Jo Lee was a "dependent child" as defined by § 43-504(1).

In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *Boss v. Fillmore Cty. Sch. Dist. No. 19*, 251 Neb. 669, 559 N.W.2d 448 (1997).

The record does not support a finding that Jo Lee was a dependent child as defined by § 43-504(1). The record reveals that foster care payments were made on behalf of Jo Lee beginning in May 1991. In July 1991, Piska was ordered to pay $100 per month for the support of Jo Lee. However, there was no evidence adduced at the department hearing that Jo Lee was removed from the home of one of the specified relatives pursuant to a judicial determination. Moreover, even if such a determination had been made, the record does not establish in what month such court proceedings either were initiated or occurred. Consequently, there was no showing that Jo Lee received or could have received aid "in or for the month in which court proceedings . . . were initiated." Accordingly, the record does not support a finding that Jo Lee was a dependent child as defined by § 43-504(1) and, therefore, does not support a finding that "aid to dependent children payments" were made on her behalf.

Because there was no showing that Jo Lee was a dependent child and, thus, no showing that "aid to dependent children payments" were made on her behalf, we conclude that the department's determination that an assignment arose by operation of law, pursuant to § 43-512.07, was not supported by competent evidence. Accordingly, we reverse that part of the judgment of the district court which had affirmed the department's order for Piska to pay to the department the sum of $3,000 for payments during the months of September 1991 through May 1992.

### INTERCEPTED PAYMENTS

Piska also claims that the district court erred in affirming the department's determination that she had not timely raised the issue of the $3,000 that had been intercepted by the department for the months of June through November 1992.

The department decided that because Piska's response to the department's letter of March 29, 1994, did not specifically mention the amounts already intercepted, she did not properly raise the issue for determination at the administrative hearing. Neb. Rev. Stat. § 84-913 (Reissue 1994) provides in part:

> In any contested case all parties shall be afforded an opportunity for hearing after reasonable notice. The notice shall state the time, place, *and issues involved*, but if, by reason of the nature of the proceeding, the issues cannot be fully stated in advance of the hearing or if subsequent amendment of the issues is necessary, they shall be fully stated as soon as practicable. Opportunity shall be afforded all parties to present evidence and argument with respect thereto.

(Emphasis supplied.)

There is no dispute that Piska's attorney did not raise the issue of the intercepted payments until the time of the hearing. The record does not reveal a reason why it would not have been practicable for Piska to raise the issue of the intercepted payments sometime prior to the hearing pursuant to § 84-913. After a review of the record, we cannot say that the district court's order affirming the department's determination to not consider the issue of the intercepted payments was arbitrary, capricious, or unreasonable; this part of the order conforms to the law and is supported by competent evidence.

In light of our prior determination, it is unnecessary to consider Piska's other assignments of error.

## CONCLUSION

For the foregoing reasons, we reverse that part of the judgment affirming the department's order for Piska to pay to the department the sum of $3,000, and in all other respects, we affirm the judgment of the district court.

AFFIRMED IN PART, AND IN PART REVERSED.