REQUESTED BY: Mark Reynolds, Chairman Tax Equalization and Review Commission
You have requested our opinion concerning the interpretation of the statutory provision governing filing fees paid by persons filing appeals with the Tax Equalization and Review Commission ["Commission" of "TERC"]. Neb. Rev. Stat. § 77-5013 (1996) provides that "[t]he person filing an appeal with the commission shall pay a filing fee of twenty-five dollars." Your specific question concerns the construction of § 77-5013 in cases involving appeals to the Commission by taxpayers from actions of county boards of equalization denying protests under Neb. Rev. Stat. § 77-1504 (Supp. 1997) involving multiple, contiguous parcels of property which share common characteristics. The Commission has interpreted these statutes to mean that, when a taxpayer files an appeal concerning multiple, contiguous parcels of property which share common characteristics, the taxpayer is deemed to have filed a single appeal, and that only one filing fee is to be collected. This interpretation is incorporated in a regulation adopted by the Commission providing for the payment of a single filing fee for appeals involving multiple, contiguous parcels. Your question is whether the Commission has properly construed the filing fee requirement in such circumstances.
"In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense." Piska v. Nebraska Dept.of Social Services, 252 Neb. 589, 594, 567 N.W.2d 544, 547
(1997). "Although construction of a statute by a department charged with enforcing it is not controlling, considerable weight will be given to such construction, particularly when the Legislature has failed to take any action to change such interpretation." Metropolitan Utilities Dist. v. Balka,252 Neb. 172, 176, 560 N.W.2d 795, 799 (1997). Accord McCaul v. AmericanSavings Co., 213 Neb. 841, 331 N.W.2d 795 (1983). "Generally, rules and regulations of an administrative agency governing proceedings before it, duly adopted and within the authority of the agency, are as binding as if they were statutes enacted by the legislature." Douglas County Welfare Administration v. Parks,204 Neb. 570, 572, 284 N.W.2d 10, 11 (1979). Accord Nucor Steelv. Leuenberger, 233 Neb. 863, 866, 448 N.W.2d 909, 911 (1989) ("Agency regulations, properly adopted and filed with the Secretary of State, have the effect of statutory law.").
Section 77-5013 provides only that a "person filing an appeal with the commission shall pay a filing fee of twenty-five dollars." The statute does not specifically address the appropriate fee to be assessed in situation involving appeals by taxpayers from actions by county boards of equalization involving multiple, contiguous parcels of property sharing common characteristics. Thus, in that context, the statute is ambiguous, and susceptible of construction. As noted, the Commission has adopted a regulation (442 NAC 5.002.05) dealing with this situation, which provides, in pertinent part:
 If the party bringing the appeal is the owner of several parcels, the party may request that only one filing fee be paid for all parcels. Such a request may be granted under the following circumstances:
002.05A All issues must be identical for all parcels.
 002.05B All parcels must be contiguous if agricultural land is the subject of the appeal.
 002.05C All parcels must be located in the same market area, neighborhood, or other defined homogeneous area if residential property is the subject is the subject of the appeal.
 002.05D All parcels must be of the same class (either Agricultural or Residential.)
 002.05E All parcels must be of the same subclass. If residential, the parcels must be, for example, all residential single family parcels, residential multiple family parcels, etc. If agricultural, all parcels must be, for example, grass, dry cropland, or irrigated cropland. If the parcels are irrigated cropland, then all parcels must have the same method of water delivery, for example, pivot, gravity, tow line.
In light of the statute's ambiguity regarding the filing fee to be paid on appeals to the Commission involving multiple, contiguous parcels, we believe that the Commission's interpretation, as reflected in its regulation, is a reasonable and proper construction of the application of § 77-5013 in such cases. The Commission's interpretation is entitled to weight, and, having been properly adopted, has the effect of statutory law. Accordingly, it is our opinion that the Commission's interpretation and application of § 77-5013 to permit only a single filing fee on an appeal involving action of a county board of equalization involving multiple, contiguous parcels involving common characteristics, is appropriate.
Very truly yours,
 DON STENBERG Attorney General
 L. Jay Bartel Assistant Attorney General
APPROVED BY:
Don Stenberg 
Attorney General