586 N.W.2d 439 (1998)
255 Neb. 430
Thomas C. KIMBALL, appellee,
v.
NEBRASKA DEPARTMENT OF MOTOR VEHICLES, appellant.
No. S-97-625.
Supreme Court of Nebraska.
October 30, 1998.
*441 Don Stenberg, Attorney General, and Joseph P. Loudon, Lincoln, for appellant.
Russel L. Jones, of Clough, Dawson & Piccolo, North Platte, for appellee.
HENDRY, C.J., and WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
GERRARD, Justice.

INTRODUCTION
The Department of Motor Vehicles (Department) appeals from the judgment of the district court which reversed the order of the director of the Department revoking the operator's license of Thomas C. Kimball, the appellee. In this appeal, we must determine whether the Department may hold a telephonic hearing, as permitted by Neb.Rev.Stat. § 84-913.03 (Reissue 1994), when a formal "rules of evidence" hearing is requested by the driver.

FACTUAL BACKGROUND
Kimball was arrested on November 5, 1996, for driving under the influence of alcohol. His vehicle had been stopped after an Imperial, Nebraska, police officer saw Kimball driving slowly and without headlights down an Imperial street at 1:15 a.m. Kimball stopped the car and attempted to hide from the officer. The officer approached the vehicle and noted evidence of Kimball's intoxication, and the officer attempted to administer field sobriety tests.
Kimball was arrested after he attempted to flee from the officer. After his arrest, Kimball fought with both the arresting officer and the ambulance crew that the officer called to assist. Kimball was tested at a hospital following his arrest and was found to have a blood alcohol level of .227 grams of alcohol per 100 milliliters of blood.
On December 9, 1996, the Department mailed Kimball a notice of a telephonic hearing, to give him an opportunity to show why his operator's license should not be revoked pursuant to Nebraska's administrative license revocation statute, Neb.Rev.Stat. § 606,205 (Cum.Supp.1996). On December 17, *442 the Department received a request from Kimball that the hearing be conducted under the formal rules of evidence, pursuant to Neb.Rev.Stat. § 84-914 (Reissue 1994). The Department approved the request on the same day.
The hearing was conducted telephonically on December 20, 1996. The bill of exceptions reflects that the hearing officer and Department counsel were in Lincoln, Kimball's counsel and the court reporter were in North Platte, and Kimball was in Imperial. At the outset of the hearing, Kimball objected to the hearing's being held telephonically in a hearing where the formal rules of evidence were to apply, claiming that Neb.Rev.Stat. § 25-1243 (Reissue 1995) precluded a telephonic hearing where the formal rules of evidence were in effect. The Department argued in response that the formal rules of evidence did not include § 25-1243 because that law was found not in the Nebraska Evidence Rules, but in the Nebraska Code of Civil Procedure. The director of the Department considered testimony adduced at the December 20 hearing and issued a ruling on December 27, overruling Kimball's objection to the telephonic hearing and revoking Kimball's license for a period of 1 year.
Kimball timely appealed the director's decision to the district court. Kimball assigned several errors regarding the telephonic hearing and an alleged lack of foundation for several exhibits offered at the administrative hearing. Kimball's appeal was heard before the district court on March 31, 1997.
On May 1, 1997, the district court entered a judgment reversing the director's order of revocation. The court found that telephonic testimony at a formal rules of evidence hearing was improper under Neb.Rev.Stat. § 25-1240 (Reissue 1995) and § 25-1243, that the hearing was therefore void, and that the resulting order was to be vacated. The Department appeals from the judgment of the district court.

ASSIGNMENTS OF ERROR
The Department assigns that the district court erred in (1) reversing the Department's revocation of Kimball's operator's license and driving privileges and (2) finding that the Department may not hold hearings by telephone if the driver has requested that the rules of evidence apply to the hearing.

SCOPE OF REVIEW
An aggrieved party may obtain review of any judgment or final order entered by a district court under the Administrative Procedure Act; the final order rendered by a district court may be reversed, vacated, or modified by an appellate court for errors appearing on the record. Vinci v. Nebraska Dept. of Corr. Servs., 253 Neb. 423, 571 N.W.2d 53 (1997); Piska v. Nebraska Dept. of Soc. Servs., 252 Neb. 589, 567 N.W.2d 544 (1997).
When reviewing a district court order under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. Id.
Whether a decision conforms to law is by definition a question of law, in connection with which an appellate court has an obligation to reach its own conclusion independent of that reached by the inferior court. McAllister v. Nebraska Dept. of Corr. Servs., 253 Neb. 910, 573 N.W.2d 143 (1998); Vinci v. Nebraska Dept. of Corr. Servs., supra.

ANALYSIS
The primary issue in this appeal is whether the Department may hold a telephonic hearing, as permitted by § 84-913.03, when a formal "rules of evidence" hearing is requested by the driver in an administrative license revocation proceeding. The Department argues that the term "rules of evidence" contained in § 84-914(1) of the Administrative Procedure Act (APA) does not encompass rules in chapter 25 of the Nebraska Revised Statutes. The Department argues further that even if the rules in chapter 25 are included in the formal "rules of evidence," chapter 25 still does not explicitly bar telephonic hearings. Kimball, on the other hand, claims that the rules contained in chapter 25, article 12, are included in the "rules of evidence" *443 and that § 25-1243 requires the testimony of a witness be in the presence of a tribunal with the testimony being heard from the lips of the witness, thus barring telephonic hearings.
Before addressing the application of chapter 25, article 12, however, we must address the threshold question presented by this case: What is meant by the term "rules of evidence" as used in § 84-914(1)?
Section 84-913.03 provides, for administrative hearings, that
[t]he hearing officer may conduct all or part of the prehearing conference and the hearing by telephone, television, or other electronic means if each participant in the conference or hearing has an opportunity to participate in, to hear, and, if technically feasible, to see the entire proceeding while it is taking place.
Section 84-914(1) states, however, that
[a]ny party to a formal hearing before an agency, from which a decision may be appealed to the courts of this state, may request that the agency be bound by the rules of evidence applicable in district court by delivering to the agency at least three days prior to the holding of the hearing a written request therefor. Such request shall include the requesting party's agreement to be liable for the payment of costs incurred thereby and upon any appeal or review thereof, including the cost of court reporting services which the requesting party shall procure for the hearing. All costs of a formal hearing shall be paid by the party or parties against whom a final decision is rendered.
(Emphasis supplied.)
It is uncontested in the present action that Kimball's hearing fell within the ambit of the APA, § 84-914(1). It is also uncontested that Kimball met all the technical requirements of § 84-914(1). The dispute arises from the parties' different interpretations of the "rules of evidence applicable in district court." Id.
It is provided by statute that the "rules of evidence" include the Nebraska Evidence Rules contained in chapter 27 of the Nebraska Revised Statutes. Neb.Rev.Stat. § 27-1101(4)(c) (Reissue 1995). Kimball argues, however, that the "rules of evidence" also include that section of the Nebraska Code of Civil Procedure subtitled "Evidence," specifically, chapter 25, article 12.
In general, statutory language is to be given its plain and ordinary meaning, and a court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. McAllister v. Nebraska Dept. of Corr. Servs., 253 Neb. 910, 573 N.W.2d 143 (1998); Metropolitan Utilities Dist. v. Balka, 252 Neb. 172, 560 N.W.2d 795 (1997). A statute, rule, or regulation is open for construction only when the language used requires interpretation or may reasonably be considered ambiguous. Vinci v. Nebraska Dept. of Corr. Servs., 253 Neb. 423, 571 N.W.2d 53 (1997); Omaha Pub. Power Dist. v. Nebraska Dept. of Revenue, 248 Neb. 518, 537 N.W.2d 312 (1995).
We determine that the phrase "rules of evidence," as used in § 84-914(1), is clear and unambiguous. Neb.Rev.Stat. § 27-1103 (Reissue 1995) states, "These rules may be known and cited as the Nebraska Evidence Rules." Additionally, § 27-1101 provides that
(4) [t]he [Nebraska Evidence Rules], other than those with respect to privileges, do not apply in ...
. . .
(c) [c]ontested cases before an administrative agency under the Administrative Procedure Act unless a party to the case requests that the agency be bound by the rules of evidence applicable in the district court....
Section 27-1101(4)(c) clearly indicates that the rules in chapter 27 are the rules to be applied in formal rules of evidence hearings before administrative agencies. Under the principle "expressio unius est exclusio alterius" (the expression of one means the exclusion of the other), this statute is properly construed as exclusively making chapter 27 the "rules of evidence" encompassed by § 84-914.
Moreover, other jurisdictions have persuasively defined "rules of evidence" as *444 rules that determine the admissibility of facts. Schulgasser v. Young, 25 Misc.2d 788, 206 N.Y.S.2d 81 (1960), appeal dismissed 12 A.D.2d 994, 215 N.Y.S.2d 480 (1961). We agree. The New York court found that "[e]vidence consists of facts admitted at a trial to establish or disprove the truth of allegations put in issue by the pleadings... whereas rules of evidence determine what facts are admissible or not." (Citation omitted.) Id. at 791, 206 N.Y.S.2d at 84.
By this definition, § 25-1243, the statute cited by Kimball as barring telephonic hearings, is not a rule of evidence because it does not determine the admissibility of evidence. The statute is procedural rather than substantive in nature; § 25-1243 sets forth one of the ways that testimony may be presented in a civil proceeding, but it does not govern what facts may or may not be admissible in a proceeding under the APA.
The Louisiana Court of Appeal, in Realty Mart, Inc. v. Louisiana Bd. of Tax Appeals, 336 So.2d 52 (La.App.1976), was faced with interpreting the phrase "`rules of evidence followed in the district courts of Louisiana,'" also in the context of an administrative hearing. Id. at 53. The court found that the "rules of evidence" did not include provisions of the Louisiana Code of Civil Procedure that dealt with written interrogatories, because those rules and the rules of evidence "contemplate two entirely different trial functions" Id. at 54. "The `rules of evidence' are rules which determine whether or not the trial testimony, factual matters and the information obtained through the use of the various discovery devices are admissible at the trial to prove or disprove the allegations of the petition." Id.
Likewise, in Nebraska, the rules that govern the admissibility of evidence are found in chapter 27 of the Nebraska Revised Statutes. The Nebraska Evidence Rules are an exclusive codification of those statutes which control not how evidence may be presented, but what evidence may be admitted. The Nebraska Evidence Rules are the "rules of evidence" implicated by § 84-914, and those rules contain no provision which bars the use of telephonic hearings.
The Nebraska Code of Civil Procedure, contained in chapter 25 of the Nebraska Revised Statutes, sets forth the rules of procedure for civil actions in the district and county courts. With respect to the admission of evidence, chapter 25 establishes the methods by which evidence may be produced in civil actions in district and county courts, while the Nebraska Evidence Rules establish what facts are and are not admissible as evidence.
It is clear, however, that an administrative license revocation proceeding is governed not by the procedural rules set forth in chapter 25, but by rules found in the APA, chapter 84, article 9, of the Nebraska Revised Statutes. While the rules of evidence contained in chapter 27 may be statutorily applied in an administrative action, the application of chapter 25 procedural rules in a hearing that is authorized by chapter 84, article 9, of the APA would fundamentally undermine the distinction that has been drawn by the Legislature in segregating the procedural rules for administrative proceedings and other civil proceedings into two separate chapters of the Nebraska statutes.
In short, chapter 25 contains the rules of procedure for civil actions in the district and county courts, while chapter 84, article 9, contains the rules of procedure for administrative hearings. The two sections are mutually exclusive and are not to be applied in the same case.
Therefore, we hold that telephonic hearings are permitted in proceedings under the APA, Neb.Rev.Stat. § 84-901 et seq. (Reissue 1994 & Cum.Supp.1996), when a formal "rules of evidence" hearing is requested. The "rules of evidence applicable in the district court" are, by the clear language of the Nebraska statutes, the Nebraska Evidence Rules codified in chapter 27 of the Nebraska Revised Statutes. Thus, the judgment of the district court does not conform to the law and must be reversed.

CONCLUSION
We note that in his appeal to the district court, Kimball raised other assignments of error that were not considered by the district *445 court and that were not discussed by the parties in this appeal. Having concluded that the judgment of the district court does not conform to the law, we reverse the judgment and remand this cause to the district court for a determination of Kimball's remaining assignments of error.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.