## ROBERT M. CHAPMAN, APPELLANT, V.
## DEPARTMENT OF MOTOR VEHICLES, APPELLEE.
594 N.W. 2d 655

Filed May 18, 1999.    No. A-97-767.

Charles O. Forrest, of Dwyer, Smith, Grimm, Gardner, Lazer, Pohren & Rogers, for appellant.

Michael L. Munch, Sarpy County Attorney, for appellee.

IRWIN, Chief Judge, and HANNON and SIEVERS, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

Robert M. Chapman appeals from an order of the district court affirming the decision of the Department of Motor Vehicles (DMV) to administratively revoke Chapman's driver's license, pursuant to Neb. Rev. Stat. §§ 60-6,205 to 60-6,208 (Reissue 1993 & Cum. Supp. 1996), for Chapman's refusal to submit to a chemical test, in violation of Neb. Rev. Stat. § 60-6,197 (Cum. Supp. 1996). On appeal, Chapman asserts that he was entitled to a default judgment from the district court and that he was not adequately advised of the procedures of administrative license revocation. Finding no merit to Chapman's assertions on appeal, we affirm.

## II. BACKGROUND

Chapman was stopped by a police officer on August 19, 1996. As a result of the traffic stop, the officer attempted to

administer a preliminary breath test, which Chapman refused. The officer placed Chapman under arrest for driving under the influence of alcohol, speeding, and refusing to take the preliminary breath test. Chapman was transported to the Sarpy County jail, where he was directed to submit to a postarrest chemical test. Chapman also refused to submit to that test.

According to the evidence in the record, the arresting officer advised Chapman of the consequences set forth on a postarrest chemical test advisement form. Specifically, the advisement form indicated that "[r]efusal to submit to such test or tests is a separate crime for which you may be charged." Additionally, Chapman was provided a copy of a "Sworn Report," which contained a section titled "Operation of Administrative License Revocation — How to Request a Hearing." That section contained a brief statement of the revocation procedure. Finally, the advisement form informed Chapman of the relevant rules and regulations for the hearing procedure, as well as notifying him how to obtain a copy of the rules and regulations.

On September 19, 1996, DMV entered an order revoking Chapman's driver's license for a period of 1 year, based on his refusal to submit to a postarrest chemical test. Chapman filed his petition on October 2 for judicial review of the administrative decision, pursuant to § 60-6,208.

On April 1, 1997, Chapman moved the trial court for a default judgment, arguing that no answer was ever filed in response to his petition for judicial review. The court took the request under advisement, and no ruling thereon appears in the record. However, the court proceeded with a hearing on June 13, wherein the county attorney appeared on behalf of DMV. After the hearing, the court affirmed the decision of DMV. Chapman appealed to this court.

### III. ASSIGNMENTS OF ERROR

On appeal, Chapman has assigned four errors, which we have consolidated for discussion to two. First, Chapman asserts the district court erred in refusing to grant his motion for default judgment. Second, Chapman asserts the district court erred in affirming DMV's order of revocation because the advisement form read to Chapman was inadequate.

## IV. ANALYSIS

### 1. DEFAULT JUDGMENT

Chapman first asserts that the district court erred in refusing to grant his motion for default judgment. As noted above, there is no ruling on this motion apparent in the record before us. However, because the court proceeded with hearing the merits of the case and rendering an ultimate ruling thereon, we will presume, for the sake of argument, that the court did overrule the motion.

█ It is accurate that in the case of an original action filed in the district court, the failure of a defendant to file a responsive pleading entitles the plaintiff to a default judgment, without evidence in support of the allegations of the petition, except as to allegations of value or damages. See *State on behalf of Yankton v. Cummings*, 2 Neb. App. 820, 515 N.W.2d 680 (1994). However, the present case is not an original action filed in the district court, but, rather, is an appeal to the district court from an administrative agency decision, governed by the provisions of the Administrative Procedure Act, Neb. Rev. Stat. §§ 84-901 to 84-920 (Reissue 1994 & Cum. Supp. 1998). Section 84-917 provides the requisite filings by the various parties in a contested case appealed from an administrative agency to the district court. According to that provision, there is no requirement for the agency to file a responsive pleading. The agency is required to prepare and transmit to the court a certified copy of the official record before the agency. § 84-917(4). The agency is not, however, required to file a responsive pleading. As such, we conclude the district court was not in error in failing to grant Chapman a default judgment. This assigned error is without merit.

### 2. POSTARREST ADVISEMENT

Chapman next asserts that the district court erred in affirming the revocation of his license because the postarrest advisement form read by the officer failed to adequately advise him of the procedures for license revocation and did not satisfy the statutory requirements for an adequate advisement. In support of Chapman's position, he cites to rationale in the Nebraska Supreme Court decisions in *Perrine v. State*, 249 Neb. 518, 544

N.W.2d 364 (1996); *Biddlecome v. Conrad*, 249 Neb. 282, 543 N.W.2d 170 (1996); and *Smith v. State*, 248 Neb. 360, 535 N.W.2d 694 (1995). In those three cases, and others decided in accordance with them, the Supreme Court held various postarrest advisement forms inadequate because they failed to advise a motorist of all the consequences of refusing or failing a chemical test. Chapman asserts in his brief that the same rationale should be applied to find the advisement form inadequate concerning its statement of the operation of the administrative license revocation procedures.

Section 60-6,205(4) provides that the "notice of revocation shall contain a statement explaining the operation of the administrative revocation procedure." In his brief, Chapman asserts the statement contained in the notice in the present case is inadequate because it does not contain all of the details about the revocation procedure found in the relevant administrative rules and regulations, such as the fact that the motorist has the right to subpoena witnesses with personal knowledge. We disagree.

In general, statutory language is to be given its plain and ordinary meaning, and a court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Kimball v. Nebraska Dept. of Motor Vehicles*, 255 Neb. 430, 586 N.W.2d 439 (1998). See, also, *Boss v. Fillmore Cty. Sch. Dist. No. 19*, 251 Neb. 669, 559 N.W.2d 448 (1997). Statutory language is to be interpreted so as to reach a sensible and harmonious, rather than an absurd, result, as well as a result which best achieves the purposes of the statute. See *Slagle v. J.P. Theisen & Sons*, 251 Neb. 904, 560 N.W.2d 758 (1997). See, also, *Boss v. Fillmore Cty. Sch. Dist. No. 19, supra*. In the present case, we conclude that the plain and ordinary meaning of the statute is satisfied by the notice provided to Chapman, and Chapman did receive an adequate statement of the operation of the administrative license revocation procedure. We think it would not be a sensible result to conclude, as Chapman's counsel asserted at argument, that motorists should be provided with a 14-page copy of all the relevant rules and regulations governing the procedure at the time of the traffic stop.

Chapman also raises an issue on appeal concerning the fact that a motorist can request a copy of the relevant rules and regulations but must pay a fee of $1 payable to DMV. From our review of the record, it is apparent this issue was not properly raised or ruled upon by the district court, and we will not address it further. See *Wolgamott v. Abramson*, 253 Neb. 350, 570 N.W.2d 818 (1997) (only issues properly presented to and passed upon by district court may be raised on appeal to higher court).

## V. CONCLUSION

Finding no merit to either of Chapman's assigned errors, we affirm.

AFFIRMED.