Dear Mr. Hawkland:
You advise this office that the Orleans Parish Notarial Examining Committee[1] has adopted rules providing for the examination of applicants for notarial commissions issued in Orleans Parish. These rules are in addition to the requirements of state law and further require the applicant to do the following:
 (1) provide a Letter of Good Conduct issued by the New Orleans Police Department that there are no criminal charges pending against him or her, and (2) provide "proof of competency" — proof of competency is an original certificate of completion of a Louisiana notary examination preparation course conducted in Orleans Parish or within the parish cluster and either a diploma of paralegal studies issued by an ABA-approved or 60 credit hour Louisiana paralegal studies curriculum or a certificate of a Louisiana Notary Public commissioned for at least five years in Orleans Parish or the parish cluster attesting that the applicant is competent to sit for the notarial examination and has diligently studied under his direction and supervision in notarial law and practice for a period of at least two year prior to the commencement of an examination preparation course, and any other evidence which supports allegations of competency to be admitted to the examination.
The rules quoted above adopted by the Orleans Parish Notarial Examining Committee are more onerous and restrictive than the requirements of state law. The qualifications for applicants who are applying to take the notary examination are set forth in R.S. 35:191[2] and require the following of an applicant:
 The first condition requires an applicant to submit an application to be appointed a notary public to the appropriate district court together with a certificate establishing his age, residence, location of his office when the applicant seeks to be appointed a notary based on such office, location of the office which was the basis for a current appointment as a notary in any other parish, if any, and a statement as to the applicant's good moral character, integrity, competency, and sober habits, sworn to and subscribed by two reputable citizens of the parish.
 (2) The second condition of the statute is in R.S. 35:191(C)(2)(a), taking and passing a written examination".
 (3) The third condition of R.S. 35:191(C)(3) is "giving bond."
While the Legislature has charged the Orleans Parish Notarial Examining Committee to administer the examination, the Committee as an administrative body only has the power and authority expressly granted it by statute. See Realty Mart,Inc. v. Louisiana Board of Tax Appeals, 336 So.2d 52 (La.App. 1 Cir., 1976), in which the First Circuit reasoned that "an administrative board or agency only has the power and authority expressly granted by the constitution or statutes."336 So.2d at page 54. The Examining Committee may not impose further qualifications which are not required by state law and which are more onerous than those imposed by the State of Louisiana.
Further, the adoption of such rules conflicts with the legislative intent expressed in R.S. 35:191.1 mandating the secretary of state to adopt uniform statewide standards for notarial examinations. R.S. 35:191.1 states:
 § 191.1. Secretary of state; uniform statewide standards, rules, and procedures for notarial examinations
 A. The secretary of state shall, with the advice and assistance of the several parish notary examining committees and such other subject matter experts as the secretary of state may request, develop uniform statewide standards for notarial examinations required by R.S. 35:191(C), which shall be administered by the parish notary examining committees appointed by the court pursuant to R.S. 35:191(C). The standards developed shall include all of the following:
 (1) The procedures and rules for administering and grading the examination for applicants required to take an examination.
(2) The format and content of the examination.
 (3) A system of randomly selecting questions only from the bank of exam questions maintained by the secretary of state.
 (4) The procedures for review by the secretary of state of any examination which was taken pursuant to R.S. 35:191(C) and which was failed by the examinee.
B. The secretary of state shall also:
 (1) Not later than January 1, 2005, complete development and begin furnishing to the parish examining committees examinations developed pursuant to this Section.
 (2) Upon implementation of the uniform statewide standards for examinations pursuant to this Section, charge a fee not to exceed fifty dollars for each examinee taking an examination furnished to the parish examining committee.
 (3) Maintain a bank of examination questions and model answers for the exclusive use of the secretary of state to be used for examinations required by R.S. 35:191(C).
 (4) Publish and make available to the public a document containing the material and sources from which each currently maintained bank of examination questions are devised for use as a study guide and charge a fee for the actual cost not to exceed one hundred dollars.
Thus, we conclude the rules adopted by the Orleans Parish Notarial Examining Committee are invalid as imposing more onerous requirements upon a notarial applicant than the requirements of state law.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: ________________________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] We acknowledge that you stated in your correspondence that the Civil District Court for the Parish of Orleans initially promulgated these rules on behalf of the Orleans Parish Notarial Examining Committee, but because we find the rules invalid we find it unnecessary to address the Court's authority to adopt such rules on behalf of the Committee.
[2] R.S. 35:191 is entitled "Appointment; qualifications and bond; examination; examiners" and provides in pertinent part:
A. (1) Any resident citizen or alien of the state, eighteen years of age or older, may be appointed a notary public in and for the parish in which he resides and in and for any one other parish in which he maintains an office, provided that he meets the requirements established by law for each parish in which he applies.
(2) Notwithstanding the provisions of Paragraph A(1) or Subsection C of this Section, a person validly appointed notary public in the parish of his residence may exercise any and all of the functions of a notary public in an adjacent parish which has a population of less than thirty-five thousand and in which he maintains an office, without additional bonding or further application or examination, but must file with the district court for the other parish an affidavit giving the location of his office and attesting to his appointment as a notary public in his parish of residence. Additionally, the applicant shall obtain a dual commission by complying with the procedures established by the office of the secretary of state.
B. A resident citizen seeking to be appointed notary public in the parish of his residence or possessing a valid notarial commission in and for a parish based on his residence must be a registered voter of that parish.
C. Each applicant, otherwise qualified, may be appointed a notary public in and for a parish upon meeting all of the following conditions:
(1) Submitting an application to be appointed a notary public to the appropriate district court together with a certificate establishing his age, residence, location of his office when the applicant seeks to be appointed a notary based on such office, location of the office which was the basis for a current appointment as a notary in any other parish, if any, and a statement as to the applicant's good moral character, integrity, competency, and sober habits, sworn to and subscribed by two reputable citizens of the parish.
(2)(a) Taking and passing a written examination, as provided in R.S. 35:191.1, administered by an examining committee composed of three notaries appointed by the district court having jurisdiction in the parish, or in Orleans Parish the custodian of notarial records, and one attorney, and one notary public who is not an attorney. Two of the notaries shall be attorneys and one a notary public who is not an attorney. However, if no person within the parish who is a non- attorney notary will accept such appointment, the district court having jurisdiction in the parish shall appoint an additional attorney to serve on the examining committee.
(b)(i) The examining committee members shall be appointed to serve a term of two years beginning October 1, 1977, and every two years thereafter.
(ii) Beginning in 2005, the notary examination shall be given on the second Monday of June, September, and December. Thereafter, the notary examination shall be given four times per year, the second Monday of March, June, September, and December. Should the scheduled Monday be a state holiday, then the next non-holiday Monday shall be the test date.
(iii) To qualify to be examined, the candidate shall have satisfied all requirements to be commissioned as a notary public in the parish, except for passing the examination, and register with the parish examining committee on a form provided by the secretary of state and have attached thereto the required examination fee.
(iv) The parish examining committee shall notify the secretary of state of the number of examinations needed for the date of the examination and forward the registration form and check for each candidate attached thereto not later than forty-five days prior to the date of the examination.
(c) In Orleans Parish, the examination shall be administered at the office of the custodian of notarial records.
(d) If found competent and possessed of the necessary qualifications, the court shall issue to the applicant an appropriate certificate, signed by a judge of the court.
(e) The examination provided for in this Paragraph may be dispensed with by the court if the applicant has been duly admitted to practice law in this state or holds a valid notarial commission in this state.
(3) Giving bond or maintaining current insurance coverage as required by R.S. 35:71.