Dear Mr. Lippman:
The request of the Pilotage Fee Commission ("PFC") for an Attorney General's opinion has been referred to me for research and reply. Your letter of June 19, 2006 provides details about the PFC's work in promulgating and publishing a series of rules pertaining to pilotage fees. Most of these rules have dealt with routine matters and passed the PFC without any controversy. Rule 63, however, has been an exception. You have asked this office for an opinion to clarify this matter. More specifically, you pose the following questions:
 1. Does the PFC have the authority to interpret its orders, rates, fees and rules and determine whether a violation thereof has occurred?
 2. Does the PFC have the authority to issue a "Show Cause" order citing a party under its jurisdiction to appear before the PFC at a public hearing and Show Cause why such party should not be found in violation of a PFC fee, rate, order or rule?
Proposed Rule 63 would permit the PFC to cite any party over whom the PFC has jurisdiction and require that party to appear before it and Show Cause why it should not be found in violation of any applicable order, or any of the Commission's rules, rates or other regulations.
Your questions require an analysis of the statutes implicated by your inquiry — La. R.S. 34:1121(A) and 1122(A)(1)-(3). The Legislature created the PFC by Act 902 of the 2004 Regular Session. Its purpose is to establish pilotage fees. La. R.S.34:1121. Specifically, the PFC has exclusive authority to fix and establish reasonable and just fees and rates for: (1) pilotage service to ships and vessels, (2) pilotage service to ships *Page 2 
in distress, (3) extraordinary pilotage service, (4) a pilot being carried to sea unwillingly, and (5) the detention of a pilot. La. R.S. 34:1122(A)(1).
Specific statutory authority is granted to the PFC to hold adjudicatory proceedings about pilotage fees in the above-enumerated areas under La. R.S. 34:1122(A)(2) which reads as follows:
 The fee commission shall have authority to hire an administrator, hold hearings, subpoena witnesses, administer oaths, take depositions, fix fees and mileage of witnesses, compel the attendance of witnesses, and assess the cost of all hearings and expenses incurred by the commission equally on the pilot association to which it relates and the shipping industry.
The PFC may issue compulsory process, take depositions, hold hearings, among other things, as long as it is pursuing questions about pilotage fees in one of the five areas listed above. La. R.S. 34:1122(A)(2). In other words, the various discovery devices listed above may be used by the PFC in determining what constitutes "reasonable and just fees," but not for other purposes.
A review of La. R.S. 34:1121, et seq. and 1122, et seq. does not reveal any provisions that would allow the PFC to interpret its own orders, rates, fees or rules and make a binding legal determination that a violation thereof has occurred. The Commission can make a factual determination that non-payment has occurred and proceed under La. R.S. 34:1121(A)(3), which allows "a lien and privilege on the ships or vessels for non-payment of same, together with reasonable attorney fees, all of which may be enforced in any court of competent jurisdiction within one year from the date the service was offered or performed."
Additionally, proposed Rule 63 refers to and implies a right to "cite" or subpoena a party before the PFC. Such right does not exist and cannot be found in either La. R.S. 34:1121 or 1122. Nor do the foregoing statutes provide any legal basis that would permit the PFC to issue Show Cause orders. An administrative agency or board has only the authority expressly granted to it by statute and cannot on its own authority enlarge the powers so delegated. Realty Mart, Inc. v. La. Board of Tax Appeals,336 So.2d 52 (La.App. 1st 1976). If the Legislature so desires, it can expand the PFC's power, oversight function and enforcement capability relatively easily. However, as the statutes currently stand, the PFC may now only establish pilotage fees. *Page 3 
In conclusion, it is the opinion of this office that La. R.S.34:1221 and 1222 do not permit the PFC to interpret its own fees, rates, rules and orders, to determine whether violations have occurred and to issue orders to Show Cause to parties over whom it has jurisdiction.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By:__________________________ Christopher D. Matchett Assistant Attorney General
CCF, Jr.:CDM:ls